(108 So. 650)

**SAMPLETON v. STATE.   (8 Div. 374.)**

(Court of Appeals of Alabama.   May 25, 1926.)

1. Burglary ⊚=45.

Evidence *held* sufficient to submit question of defendant's guilt of burglary to jury.

2. Criminal law ⊚=763, 764(13)—Charge on circumstantial evidence held properly refused as invading province of jury.

Charge that circumstantial evidence arousing suspicion is not strong enough for conviction, and reasonable doubt in mind of any juror is ground for acquittal, *held* properly refused as invading province of jury.

Appeal from Circuit Court, Limestone County; N. D. Denson, Judge.

John Sampleton was convicted of burglary, and he appeals. Affirmed.

Charge 3, refused to defendant, is as follows:

"(3) Circumstantial evidence that arises suspicion is not strong enough for a conviction; a reasonable doubt in the mind of any juror is grounds for an acquittal."

W. S. Sherrill, of Athens, for appellant.

Brief of counsel did not reach the Reporter.

Harwell G. Davis, Atty. Gen., and Chas. H. Brown, Asst. Atty. Gen., for the State.

Requested charges were properly refused. Parmer v. State, 20 Ala. App. 233, 101 So. 482; Jones v. State, 213 Ala. 390, 104 So. 773. There was no error in rulings on evidence. Anderson v. State, 18 Ala. App. 58, 89 So. 98; Jones v. State, 18 Ala. App. 626, 93 So. 332.

SAMFORD, J. [1] The corpus delicti was proven. The defendant's familiarity with the surroundings, his proximity at the time, the circumstance of his wearing rubber boots, and the fact that one of the guilty parties wore rubber boots at the time of the commission of the crime, coupled with the unexplained flight of defendant when charged with the crime, were sufficient facts to submit the question of defendant's guilt to the jury. The general charge was properly refused.

[2] Charge 3 was invasive of the province of the jury, and was properly refused.

The court properly admitted evidence tending to prove the corpus delicti.

There is no error in the record, and the judgment is affirmed.

Affirmed.