(113 So. 648)

## JAMES v. STATE.   (5 Div. 675.)

Court of Appeals of Alabama.   Aug. 2, 1927.

Charlie C. McCall, Atty. Gen., for the State.

No brief reached the Reporter.

BRICKEN, P. J.   It is undisputed in this case that Sam Bird, alias Kindling Dad, the deceased named in the indictment, met his death by having been struck in the back of his head with some blunt instrument, as charged in the indictment.   It is apparent from the record that the motive for the killing, ascribed by the state, was robbery.

This appellant was indicted charged with the offense of murder in the first degree, and was convicted of murder in the second degree.   There was no positive proof of the guilt of the defendant.   The evidence against him was entirely circumstantial, and it is here earnestly insisted, in behalf of appellant, that it was wholly insufficient upon which to predicate a verdict of guilt.

An adjudication of guilt may be rested upon circumstantial evidence.   Of course, in order to do so, this evidence must be sufficient to meet the required rule.   The appellate courts of this state have had much to say in stating the rule relative to the sufficiency of circumstantial evidence.   One of the clearest and most forceful enunciations we find upon this subject is that of the lamented Mr. Chief Justice Stone in the case of Salm v. State, 89 Ala. 56; 8 So. 66, wherein the court said relative to charge 20:

"Charge 20, asked by defendant ought to have been given; for it clearly sets forth the proper measure of requisite proof to justify conviction of a criminal offense."

James W. Strother, of Dadeville, for appellant.

Charge 20 is as follows:

"The evidence * * * in this case is circumstantial, and his innocence must be presumed by the jury until the case proved against him is, in all its material circumstances, beyond any reasonable doubt; that, to find him guilty as charged, the evidence must be strong and cogent, and, unless it is so strong and cogent as to show the defendant's guilt to a moral certainty, the jury must find him not guilty."

■ In the instant case there was no exception reserved to the oral charge of the court, but the defendant undertook to have the court enlarge upon his rather brief statement of the law as to circumstantial evidence in said charge by requesting several written charges on this question. This the defendant had a right to do, and in the refusal of these charges, notably 4 and 5, the court fell into error.

■ It must be conceded that the evidence adduced upon this trial, in an effort to fasten guilt as to the crime charged upon the accused, was vague and uncertain, as well as weak and inconclusive; yet we are not prepared to hold that the defendant was entitled to the affirmative charge, because of the rule that this charge should never be given when there is any evidence, however weak and inconclusive it may be, tending to make a case against the party who asked it. Pellum v. State, 89 Ala. 28, 8 So. 83.

We are of the opinion that the court should have granted defendant's motion for a new trial, and erred in declining to do so. We note from the record that, after the jury had been deliberating upon this case for some time, they made known to the court that they desired further instructions, and, as was proper, were brought into court for that purpose. Here the following colloquy between the jury and the court occurred:

"A Juror: Here is the point we are on.
"The Court: Now you need not go into details.
"A Juror: The thing we want to know.
"The Court: All right. Just the matter you want to know.
"A Juror: It's this. If we had a doubt in this particular case about the evidence showing that he did the killing, and the indictment says in this case murder in the first degree, can we set it in the second degree, and fix the penalty accordingly?"

The court's reply to this unusual inquiry need not be stated, as no question is presented by exception. But we regard the inquiry in the light of indicating that the jury were at least very uncertain as to whether or not the evidence disclosed that the defendant "did the killing," even after having deliberated upon the case for a long time, and we think this is a matter which should have had the serious consideration of the court in passing upon the motion for a new trial. This defendant was entitled to a fair and impartial trial, as are all others on trial charged with crime; for the fundamental law is that in all criminal prosecutions the accused must not be deprived of life, liberty, or property except by due process of law. He entered upon the trial of this case clothed with the evidentiary presumption of innocence, and this, the law says, attended him throughout the trial, or until overcome by legal evi-

dence sufficient to show his guilt to a moral certainty and beyond all reasonable doubt.

There may be merit in other questions insisted upon by appellant, but from what has been said there is no necessity to discuss them.

Reversed and remanded.