(136 So. 483)

## ASHBY v. STATE.
### 6 Div. 963.

Court of Appeals of Alabama.
Aug. 4, 1931.

Bolivar B. O'Rear, of Jasper, for appellant.

Thos. E. Knight, Jr., Atty. Gen., for the State.

## BRICKEN, P. J.

The indictment upon which this appellant was tried and convicted in the lower court charged him with the offense of grand larceny. Specifically it charged that he feloniously took and carried away one coupé automobile of the value of $400, the personal property of Keeton-Massey Lumber & Supply Company, a corporation. The second count charged the kindred offense of buying, receiving, etc., the same property. The trial under this indictment resulted in his conviction by the jury under the following verdict: "We, the jury, find the defendant guilty *of using the automobile in question without the consent of the owner,* and for punishment, assess against him a fine of $25.00." Pursuant to this verdict the court pronounced judgment of guilt upon the defendant and sentenced him to hard labor for the county. From this judgment of conviction this appeal was taken.

The court below evidently proceeded upon the theory that section 8697 of the Code 1923 applied to this case. That section provides: "When the indictment charges an offense of which there are different degrees, the jury may find the defendant not guilty of the degree charged, and guilty of any degree inferior thereto, or of an attempt to commit the offense charged; and the defendant may also be found guilty of any offense which is necessarily included in that with which he is charged, whether it be a felony, or a misdemeanor."

By this action of the court it was held that the offense for which this appellant was convicted, that of "using a motor vehicle without the consent of the owner," etc., was necessarily included in the offense of grand larceny, etc. In this the court erred to a reversal.

The offense for which this appellant was convicted was created by statute in 1911. Acts of Alabama 1911, pp. 634, 650, § 35. This original enactment was carried into the 1923 Code and there appears as section 3337; and this offense thus created by statute is single and indivisible, and by no manner of construction can it be held to be included in the grand larceny statute. There is involved in it no higher or lower grade of offense, and under a charge, as here, of grand larceny, no conviction can be had for a violation of this section. It is elementary that a person cannot be indicted for an offense, and under that indictment suffer a conviction of an offense not named or included in the indictment. Garner v. State, 3 Ala. App. 161, 57 So. 502. The allegations and proof must correspond. Parks v. State, 21 Ala. App. 177, 106 So. 218. In Stone v. State, 115 Ala. 121, 22 So. 275, the court held that conviction for an offense different from the one described in the indictment would give the defendant no notice and would involve the violation of the universally recognized rule that the allegations and proof must correspond, a material variance being fatal to a conviction. In Garner's Case, supra, the court said: "No proposition is more familiar than that a man cannot be indicted for an offense, and under that indictment suffer a conviction of an offense not named in the indictment. A man cannot be indicted for the larceny of a horse, and under that indictment be convicted of the larceny of a mule."

The verdict of the jury in the case at bar operated as an acquittal of this appellant of the several offenses charged in the indictment and for which he was required to answer. As stated, the conviction here being for an entirely different offense than any charged in the indictment, such conviction was without authority of law and cannot be permitted to stand. The former order of this court, wherein the judgment of conviction was affirmed (without opinion), is withdrawn and held for naught.

As there can be no conviction upon the present indictment as a result of the verdict heretofore rendered, and as the statute has run against the offense improperly designated in the jury's verdict, the defendant is entitled to be discharged from custody in this proceeding. Accordingly, the judgment of conviction from which this appeal was taken is reversed and an order here entered discharging the appellant.

Reversed and rendered.