ZELIA WILSON SWEET, and her husband, JACK SWEET, ZELIA BOUCHELLE _____ and her husband, _____, and CORA SAMS WILSON, a widow, *Appellants,* v. RANGER REALTY COMPANY, a Florida corporation, *Appellee.*

146 So. 199.

En Banc.

Opinion filed February 9, 1933.

Re-hearing denied March 22, 1933.

250

*Fullerton & Duss,* for Appellants;

*Scarlett & Futch* and *Hall & English,* for Appellee.

DAVIS, C. J.—This was a suit brought to foreclose a tax certificate issued by the City of New Smyrna. In the bill it is alleged that the said tax certificate was purchased by "The Covington Trust and Banking Company," a corporation; that the said corporation was the actual *bona fide* purchaser thereof; that through inadvertence and mistake of the tax collector of the City of New Smyrna the certificate *as issued* was made out in the name of "Covington Bank & Trust Company," instead of "Covington Trust and Banking Company;" that the Covington Trust and Banking Company, the actual purchaser and holder of the certificate, had assigned the said certificate to the complainant. The tax certificate itself was attached to and made a part of the original bill, together with its assignment.

Upon motion, the court dismissed the original bill. Thereafter complainant filed an amendment to the bill adding allegations to the effect that the name inserted in the tax certificate: "Covington Bank & Trust Co." was a misnomer for "Covington Trust and Banking Company," and that at the time the said tax certificate was purchased at the tax sale, it was made out and delivered to "Covington Trust & Banking Company," and was paid for by it; that at all times

since that time the original certificate itself so purchased had remained in the hands of the true purchaser, "Covington Trust and Banking Company" and its assigns, and that no other person, firm or corporation had ever claimed any right, title or interest in said tax certificate, though it was made out on its face to "Covington Bank & Trust Company."

The Chancellor held the amended bill good, and denied defendant's motion to dismiss it. The appeal is from that order.

The general statutes of Florida provide that a misnomer of a corporation in any deed *or instrument* shall not vitiate the same if the corporation shall be therein sufficiently described to ascertain the interest of the parties, and that this applies to all corporations of every character and for any lawful purpose. See Section 6047 C. G. L., 4116 R. G. S.

If the allegations of the amended bill be taken as true, as they must be, when attacked by a general motion to dismiss the bill for want of equity, it plainly appears from the amended bill of complaint that the true and lawful holder of the tax certificate sued on was maintaining the suit on the same, and indeed, the tax certificate forming the basis of the proceeding was actually produced and made a part of the amended bill to attest that fact. The right of the complainant to maintain the suit as a "holder" of the tax certificate was therefore fully made to appear. This was all that the law on the subject requires to be shown.

The law requires a tax certificate to be made out to the actual purchaser. While the purchaser is required to be named in the tax sale certificate for the purpose of identifying the party buying it, in order that the owner of the property sold for taxes may know from whom to redeem, and also that the officials charged with administering the tax laws, may know the person or other party entitled to receive

the redemption money, if the certificate be redeemed through payment to the public officials of the amount due on the outstanding certificate, that purpose is fully accomplished in the present suit where the actual certificate itself is produced and allegations made to show that no other person, firm or corporation has any interest in it, other than complainant.

The case at bar presents no attempt to perfect by amendment of the official record, the required proceedings of the tax officers leading up to the tax sale itself. All that is done by the amended bill is to ask that a court of equity permit the actual purchaser of the certificate to foreclose the certificate, which is good in every respect (so far as the record now before us is concerned) with the exception that the corporation purchaser of such certificate has been misnamed in it.

As we have pointed out, the statutes of this State save the validity of *instruments* made to corporations, where they are otherwise good, but the corporation intended to be named by its true name is misnamed in such instruments through inadvertence. There is no reason why a court of equity should not proceed with the enforcement of a tax sale certificate which is otherwise valid, merely because the tax collector has misdescribed the name of the corporate purchaser of such tax sale certificate. Especially is this true when the certificate itself is produced in court and made a part of the record.

The decree appealed from is affirmed.

WHITFIELD, TERRELL, BROWN and BUFORD, J. J., concur.