## THOMAS v. STATE.
### 5 Div. 957.

Court of Appeals of Alabama.
April 30, 1935.

Reynolds & Reynolds, of Clanton, for. appellant.

A. A. Carmichael, Atty. Gen., for the State.

BRICKEN, Presiding Judge.

The fourth count of the indictment, upon which the conviction of this appellant was had, charged him with the offense provided for in section 4912 of the Code of 1923, specifically that he did buy, receive, conceal, or aid in concealing one slide trombone of the value of $80, and one trumpet of the value of $75, the personal property of Paul Mims, knowing that it was stolen, and not having the intent to restore it to the owner, etc.

There is no dispute or conflict in the evidence as to the fact that the enumerated musical instruments had been stolen, a short while before the arrest of this appellant and his alleged accomplice, from the dwelling house of Jack Mims in Chilton county, Ala., and that the instruments were the property of Paul Mims and were of the value as stated in the indictment.

As we see and understand this case, after a full reading of the record and the evidence, the only question involved upon the trial in the court below was one of fact, and the same applies to this appeal here.

The corpus delicti was fully proven, and there was evidence of the accomplice and several other witnesses to the effect that this appellant was in possession of the recently stolen property and that he, in connection with the accomplice, one B. Adams, disposed of the identical trumpet in question to Mr. Eugene Jordan, the band instructor of the Boys' Industrial School, at Avondale Mills, and that the trombone in question was. traded by this appellant for a rifle in a pawn shop in Birmingham.

It is also shown that Mr. Mims recovered the stolen property from the parties to whom this appellant had sold and pawned it, according to the state's evidence.

The defendant testified in his own behalf and denied that he had had the stolen property in his possession and that he went to Birmingham with Adams and disposed of it as the state witness had testified. Under this status, the first question for the jury to determine was as to whether the evidence on this question was sufficient to convince them beyond a reasonable doubt that the accused had had possession of the recently stolen property as testified by the witnesses for the state. If the evidence failed in this, it would be an end to this trial. The jury decided adversely to defendant on this disputed question of fact, and we think properly so. Having found the defendant to have been in recent possession of the stolen property, the settled rule of law in this state imposed upon the defendant the onus of explaining his possession, and, if he failed to make a reasonable explanation, a presumption of guilt arises which would support a verdict of conviction. As stated, these questions were for the determination of the jury. Jordan's Case, 17 Ala. App. 575, 87 So. 433, and cases cited.

The principal witness against the accused was B. Adams, the admitted accomplice. His testimony, if properly and legally corroborated, made out the case in its entirety against the appellant of the charge upon which his conviction was rested. In order to meet this necessary requirement as provided in section 5635 of the Code 1923, the state introduced the witness above

mentioned, Mr. Jordan, and a Mr. Sorrey, also connected with the Boys' Industrial School, and others whose testimony tended to fully corroborate the testimony of the accomplice Adams. This evidence in our opinion was ample in every way to authorize and justify the jury in their verdict. It follows there was no error in refusing to defendant the general affirmative charge.

No error appearing in any ruling of the court, nor upon the record proper, the judgment of conviction appealed from will stand affirmed.

Affirmed.