22 So.2d 98

## EVANS v. STATE.

### 8 Div. 295.

Supreme Court of Alabama.

Jan. 18, 1945.

Wm. N. McQueen, Acting Atty. Gen., and Frank N. Savage, Asst. Atty. Gen., for petitioner.

K. J. Griffith, of Cullman, opposed.

STAKELY, Justice.

" 'Proof of a charge, in criminal causes, involves the proof of two distinct propositions: First, that the act itself was done; and, secondly, that it was done by the person charged * * *. In other words, proof of the corpus delicti and of the identity of the prisoner.' " Sanders v. State, 167 Ala. 85, 88, 52 So. 417, 418, 28 L.R.A.,N.S., 536.

We interpret the opinion of the Court of Appeals as finding that the corpus delicti was proven independent of any evidence relating to recent possession by the defendant of the cow, the subject of the larceny. Since this is so, authorities dealing with cases where the State relied for conviction, including proof of the corpus delicti, upon recent possession alone, are not applicable here. See Sanders v. State, supra. On this petition, we are dealing only with the proof required to connect the defendant with the commission of the crime.

Assuming then that there was evidence from which the jury could find that the cow was stolen, could the jury find the defendant guilty from proof alone of his recent possession of the stolen cow, when his explanation of such possession was not

contradicted or rebutted by the evidence? The authorities make it clear that the sufficiency of the defendant's explanation of possession of the stolen property is a question for the jury and this is so even if the explanation is uncontradicted by the State, because the jury remains the sole judge of its reasonableness, probability and credibility.

"On a trial for larceny, the corpus delicti having been established, the unexplained possession by the defendant of the recently stolen property is a fact from which the jury may infer his guilt. The onus of explaining this possession was upon the defendant. Bryant v. State, 116 Ala. 445, 23 So. 40; 13 Ala.Dig., Larceny, ☞64(1). In charging the jury that such was the settled law, the trial court was correct.

"The sufficiency of his explanation of possession of the stolen property was a question for the jury. * * *" Heath v. State, 30 Ala.App. 416, 7 So.2d 579, 580, certiorari denied 242 Ala. 632, 7 So.2d 580.

See also Bryant v. State, 116 Ala. 445, 23 So. 40; Driggers v. State, 29 Ala.App. 167, 193 So. 878; Richardson v. State, 29 Ala. App. 403, 197 So. 92: Harrison v. State, 31 Ala.App. 68, 12 So.2d 350; Orr v. State, 107 Ala. 35, 18 So. 142; Thomas v. State, 26 Ala.App. 405, 161 So. 264.

"(§ 528) 5. Truth or Probability of Explanation. The reasonableness and credibility of the explanation given by accused as to the manner in which he acquired possession of the stolen property is a question of fact to be considered by the jury, or the judge before whom the case is tried without a jury, in connection with the other facts and circumstances in evidence. The improbability of the explanation does not remove it from his or their consideration; nor on the other hand does its plausibility, although uncontradicted by the state, require an acquittal." 36 C.J. 921.

See also 32 Am.Jur. § 149, pp. 1061-1063; Carlton v. State, 108 Fla. 249, 145 So. 249.

In accordance with the foregoing, we do not agree with the Court of Appeals in holding that the defendant was entitled to receive the affirmative charge. The opinion of the Court of Appeals indicates that there are other matters in the record sufficient to cause a reversal of the case, and accordingly the case is remanded to the Court of Appeals, where it can make such further rulings in the case, not inconsistent herewith, as it may deem proper.

The judgment of the Court of Appeals is reversed and the cause is remanded to the Court of Appeals.

Reversed and remanded.

All the Justices concur.