38 So.2d 744

## BROOKS v. STATE.
### 8 Div. 677.

Court of Appeals of Alabama.
Feb. 8, 1949.

W. W. Malone, Jr., and Paul T. Gish, Jr., both of Athens, for appellant.

A. A. Carmichael, Atty. Gen., and Wm. N. McQueen, Asst. Atty. Gen., for the State.

CARR, Judge.

The indictment upon which this prosecution is based contains three counts, two charging grand larceny and one count in which the offense of receiving stolen property is charged.

There was a general verdict of guilt. In this state of the record the verdict will be referred to a good count in the indictment which is sustained by the proof. Wiggins v. State, 244 Ala. 246, 12 So.2d 758.

The demurrers to the indictment were properly overruled. The property which was alleged to have been stolen was sufficiently described. Davis v. State, 12 Ala. App. 147, 67 So. 770.

The prime question presented by this appeal is whether or not the testimony of the accomplice was corroborated. Title 15, Sec. 307, Code 1940.

When the State had rested in the process of the introduction of its evidence, the defendant made a motion to exclude the evidence. This procedure is appropriate in criminal cases. Wallace v. State, 16 Ala. App. 85, 75 So. 633; Underwood v. State, 33 Ala.App. 314, 33 So.2d 379.

The motion was overruled, and the appellant did not offer any evidence.

It appears that Mr. Will Davidson was a victim of a plot or plan by which he lost a considerable sum of money from his person.

According to his testimony he was with the accused and others for several hours prior to the time he missed his money. During the interval he drank considerable whiskey.

The testimony of Miss Margie Pitts, an admitted accomplice, clearly makes the accused a guilty participant in the crime. The motion to exclude the evidence was properly overruled if her testiomny was corroborated.

Pertinent to this inquiry is the evidence of Mr. Davidson. He gave testimony which in effect disclosed that during his association with the accused ample opportunity was afforded for the appellant to know that the money was contained in a purse which the witness carried in his pocket.

Finally the party went to a cabin at a roadside inn. According to the testimony of the accomplice, while the party was in the cabin and under the pretense of affection, she took the money out of the pocket of the victim. This, she said, was in keeping with the scheme which she and the appellant had made prior thereto.

Mr. Davidson testified that he had his money after he entered the cabin. Soon thereafter he passed out completely. When he awoke several hours later, his money was missing, and the appellant and the girl had gone.

We have also the testimony of the taxi driver. It appears that among the funds taken from the purse was a one-hundred dollar bill. The taxi driver testified that he carried the appellant and the girl from the cabin to Huntsville. En route he observed the indicated bill in the possession of the couple and heard them discussing plans to have it changed and divided. When he reached Huntsville he let the appellant out of his car near a bank. The passenger later returned, and witness carried the couple to another point in the city where they

disembarked. The appellant paid him $5.00 for his taxi service and also $5.00 as a tip. These details were in harmony with the testimony of the accomplice.

The doctrine of instant concern has been often discussed by our appellate courts. In the fairly recent case of Allen v. State, 32 Ala.App. 570, 28 So.2d 420, Judge Harwood writing for this court treated the matter fully and with considerable care.

Unquestionably, in the case at bar the corroborating evidence met every requirement of the applicable rule. It is not necessary to enter into any discussion of the matter to illustrate the soundness of this view. The following authorities are among the many which support our conclusion. Horn v. State, 15 Ala.App. 213, 72 So. 768; Thomas v. State, 26 Ala.App. 405, 161 So. 264; Slayton v. State, 234 Ala. 1, 173 So. 642; Malachi v. State, 89 Ala. 134, 8 So. 104; Hodge v. State, 32 Ala.App. 283, 26 So.2d 274; Rhodes v. State, 141 Ala. 66, 37 So. 365.

We will now give attention to the written charges which were refused to appellant.

As we have indicated, the evidence of the accomplice tended to establish proof of a joint offense in which the appellant was a guilty participant. The general affirmative charge was properly refused.

 Charges 1 and 11 were each substantially covered by the court's oral charge, and refused charge 20 is in effect the same as given charge number 23. Title 7, Sec. 273, Code 1940.

Refused charges A and B do not take into account that the indictment also contained a count predicating the offense of receiving stolen property.

Charge number 3 omits to include the doctrine of aiding and abetting. The guilt of the defendant did not depend solely upon proof that he actually took the property from the person of Mr. Davidson. In fact, the evidence tends to show that the accomplice was the guilty person in this respect. However, there is ample evidence to sustain a conviction of the appellant by the application of the rule of aiding and abetting.

The conviction of the accused did not depend altogether on circumstantial evidence. Hence charges 9 and 15 were properly refused.

Refused charge 13 was approved in some of the early cases. Cohen v. State, 50 Ala. 108; Porter v. State, 55 Ala. 95. Whether or not a witness is unworthy of credit or belief addresses itself to a finding by the jury and not by the court. For the court to instruct, as a matter of law, that the jury cannot convict on such testimony unless it is corroborated is clearly without the province of the trial judge. Later authorities have sensed the vice of the charge and have approved its refusal. Moore v. State, 68 Ala. 360; Horn v. State, 98 Ala. 23, 13 So. 329; Horn v. State, 102 Ala. 144, 15 So. 278; Wilson v. State, 243 Ala. 1, 8 So.2d 422.

The record is free from prejudicial error.

It is ordered that the judgment of the court below be affirmed.

Affirmed.