73 So.2d 376

## BYRD v. STATE.

3 Div. 952.

Court of Appeals of Alabama.

March 3, 1953.

Rehearing Denied March 24, 1953.

H. C. Rankin, Brewton, for appellant.

Si Garrett, Atty. Gen. and L. E. Barton, Asst. Atty. Gen., for the State.

CARR, Presiding Judge.

The accused was convicted on a charge of larceny of a cow, the personal property of Ray Jackson.

The only questions which merit any comment by us are the actions of the court in refusing the general affirmative charge tendered by the defendant and the refusal to grant the motion for a new trial.

Our review of the sufficiency of the evidence is also invited by defendant's motion to exclude all of the State's evidence. Hendricks v. State, 34 Ala.App. 502, 41 So. 2d 420; Brooks v. State, 34 Ala.App. 275, 38 So.2d 744.

The State anchored the prosecution on circumstantial evidence. Stated succinctly the circumstances are:

Mr. Jackson's cow ran in the open range. This area extended in the near vicinity of appellant's home. Mr. Jackson was informed that his cow had been butchered.

This information led him to a place where he found a cow head and hide. By color, ear markings, and brand, he easily concluded that the head and hide were the remains of his butchered cow.

There were signs of vehicular travel which indicated that these parts had been conveyed to the place in a truck or automobile.

The following day the sheriff conducted the appellant to the scene in the latter's truck. The officer made comparisons of the tire tracks on the ground with the tread of the tires on appellant's truck. A distinct similarity was observed.

The sheriff found a small quantity of fresh animal meat, blood, and hair in defendant's truck. The hair corresponded in color to that of Mr. Jackson's cow.

The State offered other witnesses who corroborated the testimony of the sheriff.

The accused sought to explain the presence of the meat, blood, and hair by stating that about forty days prior to this time he hauled a slain deer in his truck.

As a witness in his own behalf the defendant disclaimed any connection with the commission of the offense. His defense of an alibi was discredited in some material aspects by rebuttal testimony offered by the State.

In a review of the question of instant concern it is hardly ever helpful to cite authorities. Each case contains its peculiar facts and circumstances and it is almost impossible to find any two which are factually analogous.

Chief Justice Marshall observed in Ogden v. Saunders, 12 Wheat.(U.S.) 213, 6 L.Ed. 606: "It is a general rule * * * that the positive authority of a decision is coextensive only with the facts on which it is made."

Stated generally, a person should not be convicted unless the evidence excludes to a moral certainty every reasonable hypothesis but that of his guilt. No matter how strong may be the circumstances they do not come up to the full measure of proof which is required by the law if they can be reasonably reconciled with the theory that the accused is innocent.

"The facts and circumstances in evidence, if dissevered and disconnected, may be weak and inconclusive; but their probative force, when combined, as it was the province of the jury to combine them, under proper instructions from the court, may have satisfied them of the guilt of the defendant." Howard v. State, 108 Ala. 571, 18 So. 813, 815.

If the proven circumstances afford a reasonable inference against the innocence of the accused, the general affirmative charge in his behalf is not due to be given.

From the scant delineation of the evidence it will be noted that the defendant had the opportunity to commit the offense. That is to say, the cow ranged near his home.

The circumstances relating to the truck had a tendency to implicate the appellant. His explanation of these conditions and findings was subject to incredulity. The officers testified that the particles of meat, the bloodstains, and the hair found in the truck bore signs of freshness.

We think that the evidence presented a jury question and the court ruled correctly on the matters of instant review. The following authorities support our view. Lee v. State, 20 Ala.App. 334, 101 So. 907; Hannon v. State, 34 Ala.App. 173, 38 So.2d 26; Hargrove v. State, 147 Ala. 97, 41 So. 972; Gravette v. State, 25 Ala.App. 347, 147 So. 641; Sampleton v. State, 21 Ala. App. 408, 108 So. 650; Reeder v. State, 28 Ala.App. 34, 177 So. 648.

The judgment below is ordered affirmed.

Affirmed.