63 So.2d 729

**IVEY et al. v. STATE.**

**8 Div. 142.**

Court of Appeals of Alabama.

March 10, 1953.

H. T. Foster, Scottsboro, for appellant.

Si Garrett, Atty. Gen., and Thos. M. Galloway, Asst. Atty. Gen., for the State.

CARR, Presiding Judge.

The appellants are charged with the offense of possessing prohibited liquor. By agreement they were tried jointly. The trial was conducted by the judge without a jury and resulted in an adjudication of guilt as to each of the accused.

According to the testimony of the officers, they went to a rural residence where a party or dance was in progress. While they were hidden from view on the outside of the house, the appellants came out of the dwelling and went to a place in the yard where a pint bottle containing some "moonshine whiskey" was located. Each of the parties took a drink of the contents, replaced the bottle in its original position, and went back into the house.

The officers forthwith seized the whiskey. An empty pint bottle was observed nearby.

At the trial below the appellants denied that they took drinks from the bottles or that they ever went out into the yard while they were at the party.

It is evincingly clear that a disputed factual issue is presented.

The judgment of the trial judge must be awarded the force and effect of a verdict of a jury. Under the evidence disclosed by this record we are not convinced that we should disturb the findings and judgment of the court below. Peterson v. State, 17 Ala.App. 662, 88 So. 49; Maisel v. State, 17 Ala.App. 12, 81 So. 348.

The rulings of the court were invited only a few times while the introduction of the testimony was in progress.

Appellants' attorney inquired much in detail relating to occurrences between the defendants and the officers while they were en route to the county jail. This, of course, permitted the State to offer evidence relating also to these circumstances.

Flournoy v. State, 34 Ala.App. 23, 37 So.2d 218.

The judgment below is ordered affirmed.

Affirmed.