274 So.2d 613

**Luther HOLLENQUEST**

**v.**

**The STATE of Alabama.**

**SC 273.**

Supreme Court of Alabama.

March 15, 1973.

Jerry L. Cruse, Montgomery, for appellant.

William J. Baxley, Atty. Gen., and David W. Clark, Asst. Atty. Gen., for the State.

FAULKNER, Justice.

Luther Hollenquest appeals from a judgment of conviction for grand larceny (Title 14, § 331, Code of Alabama 1940, Recompiled 1958), and a sentence of three years in the penitentiary. The cause was transferred to our court on February 28, 1973 from the Court of Criminal Appeals, by authority of Title 13, § 111'(11a) of our Code.

Defendant was employed by Radio Hospital, a Montgomery business which sold, among other things, air conditioners. The testimony tended to show that he engaged in a bit of "free enterprise"—selling his employer's merchandise on the side, and personally pocketing the proceeds. Mrs. Irene Rice testified she paid the defendant $75 cash for an air conditioner, later identified by serial number as one worth $140 and missing from the Radio Hospital:

"Q. All right. How did he come to sell you this air conditioner, Irene?

"A. Oh, I knowed he was working for Radio Hospital. I knowed he was working for the Radio Hospital and I asked him could he sell me one. Of course, he said he was a salesman and I told him to get me one and he said he would get it.

\* \* \* \* \* \*

"Q. And did he in fact get you one, an air conditioner?

"A. Yes, sir, he got me one.

"Q. All right. Did he bring it to your house?

"A. Sure did."

No evidence indicated that defendant ever turned over to his employer the $75 thus realized by selling the air conditioner worth $140.

Appellant argues that there was no proof he took and carried away the air conditioner from his employer's warehouse. There was indeed no direct evidence of this, but a conviction of crime in this state may be had on circumstantial evidence which is so strong and cogent as to show defendant's guilt to a moral certainty. James v. State, 22 Ala.App. 183, 113 So. 648 (1927). Such is the case here. Appellant argues that the evidence does not show that the air conditioner found in Mrs. Rice's home was the one missing. We think the jury could draw a contrary inference. Appellant argues that the State failed to prove its case, and that his motion for a new trial should have been granted. We hold that the trial judge did not err in his ruling.

We have carefully reviewed the record for error, in accordance with Title 15, § 389 of our Code. No error appearing, the judgment of conviction and sentence must be affirmed.

Affirmed.

HEFLIN, C. J., and MERRILL, HARWOOD, and MADDOX, JJ., concur.