277 So.2d 885

**Willie TANNER**

v.

**STATE of Alabama.**

**SC 361.**

Supreme Court of Alabama.

May 17, 1973.

Love, Love & Caldwell, Talladega, for appellant.

William J. Baxley, Atty. Gen., Montgomery, Samuel L. Adams, Special Asst. Atty. Gen., Dothan, for the State.

FAULKNER, Justice.

Samuel Thrasher had a bad experience on the night of February 9, 1972. He was working the second shift (3 P.M.–11 P.M.) at the Crown Textile Plant No. 1, Talladega, Alabama. When he came out of the plant after finishing his shift, his car, a blue Chevrolet Camaro, was gone from the company parking lot.

The crime was attributed to Willie Tanner, who was indicted, tried by jury, con-

victed of grand larceny, and sentenced to five years in the penitentiary. Tanner appealed to the Alabama Court of Criminal Appeals, from whence the cause was transferred to this Court.

The case is a fairly close one, and revolves around the issue of how much circumstantial evidence is necessary to support a criminal conviction. There were really only three pieces of evidence against Tanner—all circumstantial: (1) Testimony by a companion that Tanner was in the company parking lot during the period in which the car disappeared, stole several tape players from cars, and said there was a car with keys in it and he was going to "get" it. The companion left and did not see Tanner's subsequent actions. (2) Later, at a friend's house, Tanner was standing next to a blue Camaro, and took the tape player out of it. (3) There was a statement by the friend that Tanner had been driving the blue Camaro. Later, a blue Camaro was discovered abandoned at the place where Tanner's friend said Tanner had left it, and identified by serial number as the stolen car.

The legal principles involved are simple: (1) A conviction may be had on evidence which is entirely circumstantial, so long as that evidence is so strong and cogent as to show defendant's guilt to a moral certainty. Hollenquest v. State, 290 Ala. 146, 274 So.2d 613 (1973); James v. State, 22 Ala.App. 183, 113 So. 648 (1927). (2) The law is deeply solicitous that the guilty, and the guilty alone, shall be punished for crime; hence if circumstantial evidence fairly permits an inference consistent with innocence, it will not support a conviction. Carr v. State, 28 Ala.App. 466, 187 So. 252 (1939); Cooper v. State, 235 Ala. 523, 180 So. 102 (1938).

We think the circumstantial evidence here sufficient to support the conviction. Defendant's timely presence in the parking lot, his statement he was going to "get" a car there, his appearance later on at the friend's house, standing next to and taking things out of a blue Camaro, a Camaro which was later found abandoned where a friend said Tanner left it, and identified by serial number as the stolen car—all this would allow the jury to find him guilty beyond a reasonable doubt and to a moral certainty.

We discover no error in the record. The judgment and sentence are affirmed.

Affirmed.

HEFLIN, C. J., and MERRILL, HARWOOD, and MADDOX, JJ., concur.