327 So.2d 913

Herman JONES

v.

STATE.

8 Div. 639.

Court of Criminal Appeals of Alabama.

Dec. 9, 1975.

Rehearing Denied Jan. 20, 1976.

Robert M. Shipman, Huntsville, for appellant.

William J. Baxley, Atty. Gen. and Kermit M. Downs, Asst. Atty. Gen., for the State.

BOOKOUT, Judge.

Second degree murder; sentence: thirty years imprisonment.

The appellant was indicted for the first degree murder of Patricia Smith "by shooting her with a pistol." At trial, the jury found the appellant guilty of murder in the second degree and fixed punishment at thirty years imprisonment.

At the conclusion of the trial appellant gave notice of appeal and petitioned the court to be declared an indigent. After being so adjudged, appellant's appointed counsel petitioned for a free transcript pursuant to Title 15, § 380(14)—§ 380(25), Code of Alabama 1940, as amended 1963. The only trial testimony requested by the appellant for the record on appeal was that of one Linda Lemons.

Miss Lemons testified that she lived at 479 Binford Court and that she was the sister of the deceased, Patricia Smith. On the night of the shooting, she gave a party at her mother's house, but did not see her sister there. She stated that after the party, she rode with two friends to the American Legion Club and arrived there between 11:00 and 11:30 P.M. She did not see her sister or the appellant until the Club was closing, at which time she encountered her sister at the front door. She then reentered the Club to tell her friends that she would ride home with her sister.

On returning to the front door, her sister was gone, so Miss Lemons walked outside and got in a friend's car. She stated that at that point she heard a gun shot, but did not pay much attention until the appellant's sister said, "he done killed her, he killed her." Miss Lemons then got out of the car, ran over to see what had happened and found her sister lying motionless in the parking lot. The appellant was standing over her with a pistol in his right hand.

The witness said that as she attempted to revive her sister, the appellant told her that he would shoot her if she did not get her hands off her sister. At that point, she told him that he would have to shoot because she could not leave her sister. The witness stated that she took her sister's shoes which were lying on the ground and got a ride to Binford Court. She saw the appellant again, later that night, in the admitting room at the hospital, but did not speak to him.

The witness did not know whether the appellant was married at the time of the shooting. She said that he had been married before, but was dating the deceased, who was separated from her husband. Miss Lemons concluded her direct testimony by saying that on the night in question, she was drinking at her mother's house, but not at the American Legion Club.

On cross examination, Miss Lemons testified that she saw neither the shooting nor her sister fall. Miss Lemons said that she was upset on the night of her sister's death and could not remember making a statement that night to a policeman to the effect that her sister and the appellant appeared to be fighting, and that she heard at least three shots before seeing her sister fall.

On redirect, Miss Lemons explained that she was celebrating her birthday on the night of the shooting and this was the reason for the party at her mother's house.

The appellant's written request for the affirmative charge was refused.

I

The venire was selected and a jury struck before Circuit Judge William D. Page, after which the jury entered the courtroom of Circuit Judge Thomas N. Younger, who heard opening arguments by both counsel and presided over the remainder of the trial of the cause. The appellant contends that the trial court erred to reversal in overruling his objection to such a procedure. We disagree.

The rule covering such a situation, and the rationale therefor, is found in 83 A.L.R.2d 1032, et seq., wherein it is stated at p. 1034:

> "Most of the few cases which have considered the matter have taken the view that there may properly be a substitution of judges in the preliminary stages of the trial, before any evidence has been received, the theory apparently being that the rule against substitution is designed to insure that the judge who hears the testimony as to the facts also applies the law thereto."

The appellant has failed to point out any prejudice to his cause as a result of the substitution of judges in his case. Supreme Court Rule 45, Title 7, appendix, Code of Alabama 1940.

The substitution occurred before opposing counsel had made their opening arguments to the jury and, therefore, *a fortiori* before any witnesses were called to testify. Of course, the voir dire examination of jurors did not elicit any information which could be used in the trial of appellant's case. We are, therefore, of the opinion that the substitution of trial judges prior to opening arguments and prior to taking testimony was in no way prejudicial to the appellant, and thus the trial court's overruling of his objection, did not constitute reversible error.

II

Our review is limited to that evidence which appears in the record. *Hernandez v. State*, 50 Ala.App. 558, 280 So.2d 831, cert. denied 291 Ala. 782, 280 So.2d 836 (1973); *Lewis v. State*, 42 Ala.App. 166, 157 So.2d 38 (1963). Where there is evidence which, if believed by the jury, is sufficient in its inferences to overcome prima facie the presumption of innocence, this Court has no right to disturb the verdict. *Stowe v. State*, 53 Ala.App. 118, 298

So.2d 48 (1974). Here, the appellant chose a portion of the evidence to be reviewed by this Court. We find that the evidence presented, though circumstantial, was sufficient to sustain the verdict. *Tanner v. State,* 291 Ala. 70, 277 So.2d 885; *Hollenquest v. State,* 290 Ala. 146, 274 So.2d 613 (both 1973); *James v. State,* 22 Ala.App. 183, 113 So. 648 (1927).

### III

 The trial court's refusal of instructions which were affirmative in nature and thus not applicable under the evidence; which were incorrect statements of applicable law; which were abstract in nature; and which were fully and substantially covered in the trial court's oral charge, does not constitute error. Title 7, § 273, Code of Alabama 1940, *Kennedy v. State,* 291 Ala. 62, 277 So.2d 878 (1973); *Smith v. State,* 56 Ala.App. 109, 319 So.2d 729 (1975).

Affirmed.

All the Judges concur.