BOWEN, Judge.
The appellant was indicted and convicted for burglary in the second degree. The trial court entered judgment and sentenced the appellant to five years in the penitentiary. Youthful offender treatment was denied and the appellant is represented by the same court appointed counsel at trial and on appeal.
The state has filed a motion to strike the transcript of the testimony because it was not filed within the time required by law. This court remanded the cause with directions to the trial court to determine whether the appellant was at fault in causing the untimely delay in filing the transcript. Upon remand, the record reveals a stipulation between the state and counsel for the defense that the fault in the delay in filing the transcript was not with the appellant, but that it lies with the court reporter. The record reflects that the court reporter was employed by the Department of Court Management and was sent to Houston County to relieve the regular official court reporter of the 20th Judicial Circuit of Houston County. The record also reflects that the reason for the late filing of the transcript was the fact that the court reporter was constantly being sent to other circuits around the State of Alabama by the Department of Court Management and that after this case was tried, the court reporter suffered an extended illness. The trial court, on remand, found neither the court reporter nor the appellant to be at fault. For this reason, we therefore overrule the motion of the state to strike the transcript of the testimony in this case. Ex parte State (In re Pope v. State) Ala., 345 So.2d 1385. (1976, opinion extended September 10, 1976).
On the appeal of the merits of this case, the appellant asserts two issues: (1) The insufficiency of the evidence, and (2) the introduction of hearsay testimony.
Although a motion to exclude the state’s evidence has placed the sufficiency of that evidence in issue, a detailed summary of the testimony and facts is not necessary. The evidence produced by the state tended to show that the appellant was seen either in the driveway of the home that was burglarized or at the house next door at the time the crime was being committed; that the appellant was sitting in the car of an admitted accomplice and that one of the accomplices put a radio into the back seat of this car; that the appellant drove away from the scene of the crime after the two accomplices had gotten in the car; and that a stereo speaker which was taken in the burglary was found in the appellant’s own car after he was arrested. This made out a strong case of circumstantial evidence despite the fact that the appellant was never actually seen at the home that was burglarized.
The defense was alibi. The appellant’s two accomplices, who had already pled guilty to the crime for which the appellant was charged, testified that the appellant *1272 knew nothing about the burglary and had absolutely nothing to do with it. One of the accomplices testified that the appellant saw him carry the stereo from the back of the burglarized house and place it in the back seat of his automobile. The appellant then drove the accomplice’s automobile to a pawn shop and pawned the radio. Both accomplices testified that the appellant did not know that the radio was stolen. They did not tell him so because they wanted all the money for themselves.
The legal principles involved are simple. Tanner v. State, 291 Ala. 70, 277 So.2d 885 (1973). A conviction may be had on evidence which is entirely circumstantial, so long as that evidence is so strong and cogent as to show defendant’s guilt to a moral certainty. Hollenquest v. State, 290 Ala. 146, 274 So.2d 613 (1973); James v. State, 22 Ala.App. 183, 113 So. 648 (1927). If circumstantial evidence fairly permits an inference consistent with innocence, it will not support a conviction. Carr v. State, 28 Ala.App. 466, 187 So. 252 (1939); Byrd v. State, 37 Ala.App. 121, 73 So.2d 376, cert. denied, 261 Ala. 697, 73 So.2d 378 (1954).
We think the circumstantial evidence presented in the state’s case alone was sufficient to support the conviction. The facts and circumstances recited above would allow the jury to find the appellant guilty beyond a moral certainty.
The second allegation of error concerns the admission of hearsay testimony by the state. The relevant testimony is set forth in its entirety.
On direct examination of Sergeant Larry Linn of the Dothan Police Department, the District Attorney asked the following questions:
“Q. Did you interview any witnesses out there?
“A. I talked to Bobby Rousseauw.
“Q. All right. Anyone else?
“A. Yes, sir. Georgia and Johnny Krafts and Jeanette Hall.”
On cross examination of Sergeant Linn the following transpired:
“Q. Did you get a statement from him. You said that you got a statement from two or three other people the day that you investigated this. Did one of those statements come from Winston Knox and a boy named McNeely (the two accomplices of the appellant)?
“A. Yes, sir.
“Q. Did either of those two statements implicate in any way Earl Jr. White as participating in the burglary ?
“A. No, sir.”
* * * * * *
“Q. Fifteen or twenty minutes. And when you went over to talk to Mr. Shell-house (the victim), did you talk with anybody other than these three parties that you named there in the neighborhood— that is Knox, McNeely and Jeanette Hall?
“A. Yes, sir, I talked to the people that I just told you about.
“Q. That’s Bobby Rosseauw and Georgia and Johnny Krafts?
“A. Yes, sir.
“Q. And no other people lived there in the neighborhood?
“A. Yes, sir.
“Q. Who?
“A. Well, I don’t recall the names. Just people that I saw on the street, and I asked them if they had seen anything.
“Q. Did any of them implicate Earl Jr. White ?
“A. Any of who ?
“Q. These other people or neighbors that you haven’t called their names?
“A. No, sir, I didn’t take their names unless they were witness to some part of it.
REDIRECT EXAMINATION
“Q. (BY MR. SORRELLS:) You talked to Jeanette Hall?
“A. Yes, sir.
“Q. And what did she say?
“MR. BYRD: Now, I object, your Hon- or.
“MR. SORRELLS: He opened it up your Honor.
“THE COURT: Just a minute, gentlemen. Wait a minute.
*1273 “MR. BYRD: Your Honor—
“THE COURT: Wait just a minute.
“A. Jeanette Hall had just gotten out of the hospital and was not available.
“MR. SORRELLS: Your Honor, he opened it up.
“THE COURT: You did open it up.
“MR. SORRELLS: And I think that we are entitled to rebut any hearsay.
“THE COURT: I am going to allow it since the defense went into it.
“Q. Did Jeanette Hall say anything to implicate him ?
“A. Yes, sir.”
The state did not adduce any further testimony on this point.
Here, the testimony elicited by defense counsel on cross examination that neither the statements of Knox or McNeely implicated the appellant was hearsay and inadmissible. Brinks v. State, 44 Ala.App. 601, 217 So.2d 813, cert. denied, 283 Ala. 712, 217 So.2d 820 (1968); Cox v. State, 280 Ala. 318, 193 So.2d 759 (1967).
On direct examination Sergeant Linn testified that he had interviewed several people at the scene of the burglary. Where defense counsel, on cross examination brought out the fact that some of those interviewed did not implicate the appellant, the state, on redirect examination, was properly permitted to show that one of those interviewed did implicate the appellant in the charged crime. This is but common fairness and an application of the rule permitting the admission of evidence by reason of the admission of similar evidence of the adverse party. Craven v. State, 22 Ala.App. 39, 111 So. 767 (1927); Ivey v. State, 37 Ala.App. 105, 63 So.2d 729 (1953); Henry v. State, 57 Ala.App. 383, 328 So.2d 634 (1976); 6 Alabama Digest, Criminal Law, &wkey;396.
Having reviewed the entire transcript as required by Title 15, § 389, Code of Alabama 1940, and finding no error prejudicial to the rights of the appellant, we are of the opinion that this cause is due to be and is hereby
AFFIRMED.
All Judges concur.