358 So.2d 1065 (1978)
Odis N. McMURPHY
v.
STATE.
4 Div. 592.
Court of Criminal Appeals of Alabama.
March 7, 1978.
Rehearing Denied April 4, 1978.
Brian W. Dowling, Dothan, for appellant.
*1066 William J. Baxley, Atty. Gen., and Elizabeth N. Petree, Asst. Atty. Gen., for the State.
BOWEN, Judge.
The appellant was indicted and convicted for the grand larceny of a 1962 Mercury automobile, the personal property of John Enfinger. The jury fixed punishment at seven years' imprisonment. The appellant is represented by court appointed counsel both at trial and on appeal.
John Enfinger ran and owned Enfinger Chevron Service Center (a service station) in Dothan, Alabama. On March 7, 1977, he had a 1962 Mercury for sale and the appellant expressed some interest in purchasing it but first wanted his wife to see it. Enfinger told the appellant to "be back shortly or something like that" and the appellant said or indicated that he would be right back with the car. Four hours later, Enfinger notified the police when the appellant had not returned. Six days later the appellant was apprehended in Kentucky driving the Mercury. The automobile was "run down" and required repair before it could be driven back to Dothan.

I
Initially the appellant maintains that the trial judge should have given the requested charge on the misdemeanor of unauthorized use of a motor vehicle contending that unauthorized use is a lesser included offense of larceny.
In describing the mental state as an element of larceny it has been said:
"To constitute larceny, it is necessary that the property be taken without the consent of the owner or possessor and with animus furandi, that is, with the intent to deprive the owner or possessor permanently of the property taken. The intent is commonly described as the intent to steal." 2 Wharton's Criminal Law 80, § 452.
While the descriptions of the mental element which must accompany the taking and carrying away are at variance in the Alabama cases and despite the fact that we found no case in Alabama which so specifically states the definition of larceny, a fraudulent or felonious taking and carrying away can only be taken as requiring an intent to permanently deprive the owner of his property or a portion of it. Fort v. State, 82 Ala. 50, 2 So. 477 (1886); Harris v. State, 24 Ala.App. 59, 129 So. 795 (1930). See Beatty (now Supreme Court Justice), Alabama Property OffensesPast, Present, Future, 12 Ala.L.Rev. 253 at 13 Ala.L.Rev. 114-116 (1960); also 50 Am.Jur.2d 193, Larceny, § 35; 52A C.J.S. 445, 452 Larceny §§ 25, 27.
The Alabama statute covering "temporary" or "unauthorized" use provides that:
"Any person who unlawfully takes for temporary use, or uses temporarily, any animal or vehicle without the consent of the owner or person having control thereof, and without bona fide claim of title thereto, shall, on conviction, be fined not more than $100.00 and may also be imprisoned in the county jail, or sentenced to hard labor for the county for not more than six months;" Title 14, § 339, Code of Alabama 1940, Recompiled 1958, now Section 13-3-56, Code of Alabama 1975.
Larceny is not committed when the defendant takes the property of the owner with the intent of borrowing it temporarily and of returning it thereafter to the owner. In such cases there is lacking the intent to deprive the owner permanently of his property. 2 Wharton 86, § 454; 52A C.J.S. 399 Larceny, § 1(2). Thus, where one takes the vehicle of another without his permission, intending only to drive it somewhere and then restore it to the possession of the owner or leave it where he may reclaim it, he is not guilty of larceny under a statute predicated upon the common-law definition of the offense of larceny. 7 Am.Jur.2d 847, Automobiles and Highway Traffic, § 303 (also p. 848, § 304). See also 9 A.L.R.3d 633, Annotation: Automobiles: elements of offense defined in "joyriding" statutes.
The unauthorized use statute was enacted in order to cover a "wrongful" or *1067 "unlawful" taking without the consent of the owner as opposed to the "felonious" intent required in larceny. Larceny and unauthorized use are separate and distinct, though related, offenses. One offense is not embraced within the other and unauthorized use is not a lesser or included offense of larceny. The intent for each crime is distinct and separate. For this same reason, assault with intent to rob is not a lesser or included offense of assault with intent to murder. Hargett v. State, 54 Ala.App. 544, 310 So.2d 263, cert, denied, 293 Ala. 758, 310 So.2d 264 (1975).
In Ashby v. State, 24 Ala.App. 466, 136 So. 483 (1931), the Alabama Court of Appeals held that a conviction of using an automobile without the owner's consent could not be had under an indictment for grand larceny because the offense of unauthorized use is not included in the offense of grand larceny of an automobile. Though the court in Ashby was interpreting the predecessor of our present unauthorized use statute[1] we think that the same principles apply and specifically reaffirm the principle announced in Ashby.
Although under an indictment for grand larceny of a automobile the defendant is not entitled to a jury charge on the separate crime of temporary or unauthorized use, the defendant may request an instruction to the jury on the issue of permanent or temporary deprivation and intent. Such a charge need not be given where there is no evidence that the defendant intended a temporary use or taking. 52A C.J.S. 703 Larceny § 150. In this case the appellant did not request such an instruction and furthermore, there is no evidence to support any claim that he took the automobile for temporary use. Therefore the action of the trial judge refusing the requested charge on the issue of lesser or included offenses was proper.

II
From our review of the record, we find that the trial court properly denied the appellant's motion to exclude the state's evidence. In McMullen v. State, 53 Ala. 531, 533, 534 (1875), it was said:
"The existence of the intent is not often capable of direct proof, but is matter of inference from the circumstances attending the caption and asportation. It is said by Blackstone, `The ordinary discovery of a felonious intent is where the party doth it clandestinely: or, being charged with the fact, denies it. But this is by no means the only criterion of criminality: for, in cases that may amount to larceny, the variety of circumstances is so great, and the complication thereof so mingled, that it is impossible to recount all those which may evidence a felonious intent, or animus furandi: wherefore they must be left to the due and attentive consideration of the court and jury.'"
Though the appellant unquestionably had the owner's consent to take the automobile and show it to his wife there is overwhelming evidence that he intended to steal the car from the moment he climbed behind the steering wheel: The length of time the appellant kept the vehicle; the fact that he never returned it; the fact that he was apprehended in another state driving the same automobile; and the deteriorated condition of the automobile upon its recovery. All these circumstances attest to the fact that the appellant had the requisite intent to steal the automobile which would sustain a conviction for grand larceny.

III
The prosecutor's remark in closing argument that the jury's "job is to determine *1068 whether someone should be let loose" is well within the legitimate bounds of argument to the jury. Hawes v. State, 48 Ala.App. 565, 266 So.2d 652 (1972). From the record before this court we can find no manner in which it prejudiced the appellant.

IV
The fourth and fifth errors for reversal raised by the appellant are based on matters outside the record and not properly before this court. Review by this court is limited to that which appears in the record. Jones v. State, 57 Ala.App. 275, 327 So.2d 913, cert, denied, 295 Ala. 409, 327 So.2d 915 (1975). Contentions argued in the appellant's brief but not supported by the record cannot be considered on appeal. Edwards v. State, 287 Ala. 588, 253 So.2d 513 (1971). See Tyus v. State, Ala.Cr.App., 347 So.2d 1377, cert, denied, Ala., 347 So.2d 1384 (1977), for the procedure to follow in correcting an allegedly defective record.
In conjunction with the appellant's fifth assignment of error, he has filed an appendix which appears to be a copy of a subpoena issued in the trial court. That subpoena was never identified or introduced in the court below and constitutes no part of the record on appeal. Therefore the state's motion to strike is due to be and is hereby granted as to the appendix filed by the appellant.
We have reviewed the record in its entirety and finding no error adverse to the substantial rights of the appellant we hereby affirm the judgment of the lower court.
AFFIRMED.
HARRIS, P. J., and DeCARLO and BOOKOUT, JJ., concur.
TYSON, J., concurs specially.
TYSON, Judge, concurring specially.
Many Alabama cases have defined larceny in the following manner:
"Larceny is the felonious taking and carrying away of the personal property of another with the intent on the part of the taker to convert it to his own use, or to deprive the owner thereof. Higgs v. State, 113 Ala. 36, 21 So. 353; Moulden v. State, 47 Ala.App. 573, 258 So.2d 915; Armstrong v. State, 49 Ala.App. 396, 272 So.2d 603." See also, Jones v. State, 56 Ala.App. 444, 322 So.2d 735,
Moreover, the former Court of Appeals, in Johnson v. State, 41 Ala.App. 351, 132 So.2d 485, stated:
". . . It is immaterial how short the distance moved, or the length of time he exercised dominion over it. It may constitute larceny if there was a severance of the possession of the owner and an actual possession and removal by the wrongdoer. Phelps v. State, 6 Ala.App. 58, 60 So. 537; Molton v. State, 105 Ala. 18, 16 So. 795; Blakeney v. State, 244 Ala. 262, 13 So.2d 430; Arthur v. State, 38 Ala.App. 490, 93 So.2d 793." See Klemmer v. State, 51 Ala.App. 383, 286 So.2d 58; Tucker v. State, 50 Ala.App. 405, 279 So.2d 576; Bonner v. State, 57 Ala.App. 462, 329 So.2d 152.

I
The majority's definition of larceny refers to a definition taken from 2 Whartons' Criminal Law 80, Section 452. I do not believe this to be in accord with the Alabama cases as herein above set forth.

II
As noted in Section 1 of this special concurrence, it matters not the length of time a party exercises dominion over the property of the owner, nor the distance moved. Necessarily, the proof of one's intention is best demonstrated by one's overt actions. Under the circumstances of the case at bar, I believe the majority opinion has reached the correct result, i. e., that the appellant, McMurphy, intended to deprive the owner of the automobile, and as such the proof would sustain a conviction for grand larceny.
*1069 I also agree that unauthorized use of the vehicle is not a lesser included offense under the testimony in this cause, and, therefore, the trial court properly refused the requested charge on this issue.
NOTES
[1] "3337. Penalty for use of vehicle without consent of owner, etc. Any person who without the consent, expressed or implied, of the owner, uses the motor vehicle of such owner on any public highway or elsewhere in this state, shall be guilty of a misdemeanor and shall on conviction be fined not less than twenty-five dollars nor more than one thousand dollars, and may also be sentenced to hard labor for not more than twelve months; and if it be shown on the trial of said cause that the motor vehicle so unlawfully used has been damaged in whole or in part by such person, then the fine imposed shall not be less than twice the amount of the damage shown and one-half of such fine shall be paid to the owner of such motor vehicle; provided said fine shall in no event exceed one thousand dollars."