The defendant was indicted and convicted for robbery. Sentence was fixed at twenty-five years' imprisonment. Eight grounds of reversible error are assigned.
 I
The motion to suppress was granted and the defendant's confession was not admitted into evidence. The defendant alleges that error occurred when the prosecutor mentioned the confession in his opening statement. The record does not reflect any remark made by the District Attorney during his opening statement. Therefore there is nothing for this Court to review. Jones v. State, 57 Ala. App. 275, 327 So.2d 913, cert. denied, 295 Ala. 409, 327 So.2d 915 (1975).
 II
During the trial one of the jurors realized that she knew and was a neighbor *Page 1220 
of a witness in a grand larceny prosecution against the defendant. She reported to the bailiff that this fact would not influence or affect her opinion about the case at all. The trial court properly overruled defendant's motion for a mistrial under McCorvey v. State, 339 So.2d 1053, 1057
(Ala.Cr.App.), cert. denied, 339 So.2d 1058 (Ala. 1976), andWoods v. State, 367 So.2d 974 (Ala.Cr.App.), reversed,367 So.2d 982 (Ala. 1978).
While the defendant alleges in his motion for new trial that one unidentified juror was hard of hearing, this is not supported by the record and, hence, cannot be reviewed.
 III
In brief, defense counsel frankly admits that he inadvertently forgot to cross examine a prosecution witness. We do not see how it can seriously be contended that reversible error can be based on such "human error" as counsel describes.
 IV
The victim testified that he "was robbed". While a witness may not testify to an ultimate fact in issue, Anderson v.State, 104 Ala. 83, 16 So. 108 (1893), the objection came after a responsive answer to an improper question.
"A. (A)round five thirty in the morning I was robbed.
"Q. You were robbed?
"A. Yes, sir.
"Q. Alright, sir.
 "MR. MARSTON: We object to the term rob, that calls for a legal conclusion and we object to it, Your Honor, it invades the province of the Court.
 "COURT: Alright, sir, the Court considers every person knows when he has been robbed and the objection is overruled."
The objection was too late and it was improper — the answer invades the province of the jury not the court. Additionally the State proved and the trial judge instructed the jury on the elements of robbery. This ground presents no cause for reversal.
 V
The police showed the victim pictures of the defendant before trial. On appeal the defendant argues that, since the question of the accuracy of the identification is for the jury, the trial judge's failure to instruct the jury on how to view identification evidence and his refusal to give defendant's three requested charges on this subject constitute error.
The requested charges are misleading and abstract as there was no evidence that the victim's identification was tainted. No defense was presented. A companion testified that the defendant told him he committed the robbery. Identification was never a contested issue and defense counsel did not attempt to impeach the victim's testimony on cross examination by showing some possibility of illegal taint or suggestiveness.
At trial defense counsel objected to the victim's identification of the defendant "unless it's shown that this photo identification process was not suggestive". The objection was overruled and the State did not lay any predicate to show that the in-court identification was not tainted or that the photographic display was not suggestive. One of the grounds included in the defendant's motion for a new trial is that the "State of Alabama did not prove that the identification of the defendant by witness Willie Shingler was not tainted by the photographic identification procedure". Nowhere is itspecifically alleged that the procedure was suggestive or the identification tainted.
In Childers v. State, 339 So.2d 597 (Ala.Cr.App.), cert. denied, 339 So.2d 601 (Ala. 1978), this Court held that the danger that a pretrial identification procedure will produce a misidentification may be substantially lessened by a course of cross examination at trial which exposes the jury to the potential for error. Such a course was not pursued here and defense counsel did not ask the witness one question about the photographic display. No attempt was made to show that the photographic display was suggestive. There is nothing in this record *Page 1221 
from which it could be inferred that the display was or was not suggestive or that the identification was or was not tainted. The mere fact that a witness was shown photographs does not establish suggestiveness. Fillippini v. Ristaino,585 F.2d 1163, 1168 (1st Cir. 1978); United States v. Sheehan,583 F.2d 30, 32 (1st Cir. 1978). We know of no presumption of suggestiveness, and hence prima facie inadmissibility, which attaches to a pretrial pre-indictment identification procedure.
Excluding the confession, which was suppressed, the identity of the defendant was established by clear and convincing evidence. Under the facts of this case, even assuming that the photographic display was suggestive, the victim's in-court identification of the defendant did not constitute reversible error. United States v. Gunn, 428 F.2d 1057 (5th Cir. 1970). Compare with Jones v. State, 283 Ala. 221, 215 So.2d 437
(1968).
 VI
Under the evidence, the defendant was either guilty of robbery or else he was guilty of nothing. Therefore the failure to give a requested charge involving grand larceny was not error. Kelly v. State, 235 Ala. 5, 176 So. 807 (1937).
 VII
The judge's oral charge on intoxication was not improper despite the criticism that in one sentence "might" was used instead of "is". The charge must be read as a whole. Gosa v.State, 273 Ala. 346, 139 So.2d 321 (1962).
 VIII
The cumulative effect of these alleged errors is not such as to require a reversal.
A search of the record reveals that the defendant received a fair trial. The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.