JAMES H. FAULKNER, Retired Justice.
John Robert Hendrickson went to Rahal Toyota, 817 South Oates Street, Dothan, Alabama, and represented that he was interested in buying a truck. He talked to Judy Whitten, an employee of Rahal, and told her that he wanted a truck; that he had $4,000.00 to pay down, and that he was going to AmSouth Bank to get a loan for the balance due. Other than the short conversation, Whitten had no further dealing with Hendrickson.
Hendrickson next saw Kevin Dassinger, a Rahal salesman. With Dassinger he filled out a purchase order dated August 10, 1988, for a 1987 Toyota pickup truck. The cash price was $9,000.00. Henrickson was to pay $4,000.00 down payment, the balance to be paid from the proceeds of a loan from a bank in Ashford (apparently he decided against AmSouth). The purchase order, or “Work-Sheet” as described by State witness, was signed by Henrickson and Dassinger and approved by the manager.
Hendrickson asked for, and received, permission to drive the pickup truck to Ash-ford to talk with a banker about a loan. He indicated that he had already arranged for the loan and all that he had to do was to go to Ashford and pick up the check. He said that he would return to Rahal at 2:30 p.m. The record does not reveal the time Hendrickson left Rahal. Thirty minutes after the time Hendrickson was due back from Ashford the Rahal folks began a search for him and the truck. Three months and 20,000 miles later the truck was found in Las Cruces, New Mexico, in a wrecked condition. Missing from the truck were the wheels, a new set of tires, a spare jack, and a lug wrench.
Hendrickson was indicted for theft of property, first degree, in violation of § 13A-8-3, Code of Alabama 1975, by the Grand Jury of Houston County. He was tried to a jury and was found guilty. He was sentenced to life in prison as a habitual offender, and ordered to pay $25.00 victim compensation.
Henrickson appeals to this Court on the ground that the evidence presented by the State did not make out a prima facie case for theft of property to give to the jury. He contends that he entered into a contract to purchase the truck; that he made a $4,000.00 down payment; that there was no evidence presented which proved that he intended to steal the truck, and that he was authorized to take the vehicle.
Hendrickson’s contentions are without merit. First, he did not contract to buy the truck. The document that he signed was a worksheet. Second, he did not pay $4,000.00 down. Third, there was sufficient evidence to prove that he intended to deprive the owner of the truck. Fourth, his authority to drive the pickup truck to Ashford did not include a circuitous route of 20,000 miles to Las Cruces, New Mexico, where the truck was found in a wrecked condition.
We affirm the judgment of the trial court on the authority of Crowder v. State, 476 So.2d 1241 (Ala.Cr.App.1985), and McMurphy v. State, 358 So.2d 1065 (Ala.Cr.App.), *1263 cert. denied, 358 So.2d 1069 (Ala.1978).
AFFIRMED.
All Judges concur.