159 So. 503

## Will ALLEN v. STATE.

### 8 Div. 930.

Court of Appeals of Alabama.
Feb. 19, 1935.

Raymond Murphy, of Florence, for appellant.

A. A. Carmichael, Atty. Gen., for the State.

RICE, Judge.

The court has read the evidence in this case, sitting en banc.

We are of the opinion, and hold, that under the rules that obtain, appellant's motion to set aside the verdict of the jury should have been granted.

For the error in overruling said motion, the judgment is reversed and the cause remanded.

Reversed and remanded.

159 So. 503

## HILL v. STATE.

### 8 Div. 932.

Court of Appeals of Alabama.
Feb. 19, 1935.

Raymond Murphy, of Florence, for appellant.

A. A. Carmichael, Atty. Gen., for the State.

BRICKEN, Presiding Judge.

It appears from the record that this is a companion case of that of Will Allen v. State, 159 So. 503.[1] The facts and circumstances attending the two trials were identical and grew out of the same transaction. Upon authority of that case, supra, the judgment of conviction from which this appeal was taken is reversed and the cause remanded.

In addition to what was said by this court in the Allen Case, supra, it might be proper to add that error prevailed in the rulings of the court on the cross-examination of the state witnesses, which rulings tended to unduly abridge the right of this appellant to fully cross-examine the state's witnesses as to the facts pertaining or relating to the res gestæ of the offense complained of. It is elementary that all which was said or done at the time by parties present was relevant and admissible.

For the errors indicated, this cause is reversed and remanded.

Reversed and remanded.

159 So. 502