268 So.2d 883

**Johnny Wilson HOLLAND**

**v.**

**STATE.**

**8 Div. 140.**

Court of Criminal Appeals of Alabama.

Oct. 24, 1972.

Bryce U. Graham, Tuscumbia, for appellant.

William J. Baxley, Atty. Gen., and John A. Yung IV, Asst. Atty. Gen., for the State.

PER CURIAM.

The appellant was tried on an indictment charging murder in the first degree, but convicted for manslaughter in the first de-

gree and sentenced to ten years imprisonment.

On October 11, 1965, at arraignment, the appellant plead not guilty by reason of self-defense with special leave to file any further pleadings or motions in the cause on or before October 12, 1965. On said date, the appellant did file a motion to quash the venire, which had been drawn by the court on said date for the trial, which had been set for November 1, 1965. The state took issue on said motion and the court heard testimony offered by both the appellant and the state. The regular venire consisted of eighty-one (81) names. It appears that the jury box had become depleted to such an extent that there were not enough names left for the court to draw a special venire, and one of the members of the jury board put in about two hundred (200) names, who were alleged to be on the roll and qualified jurors. This was done at the request of the court on October 11 or 12, 1965, and the special venire for the case was then drawn by the court. This seems to be the basis of the motion to quash. At the conclusion of said testimony, the motion was overruled and appellant noted an exception.

We have carefully examined the evidence offered in this cause and have concluded that there was no error by the court in overruling the motion.

■ The general rule governing in such cases is that no objection can be taken to any venire of jurors except for fraud in drawing or summoning. Title 30, Code of Alabama 1940, Recompiled 1958, Section 46. Admitting, for the sake of argument, that there was some irregularity in the action of the jury commission of Colbert County in filling the jury box as required by law, this, in itself, would not render the venire void. In the absence of proven fraud, the venire cannot be quashed as attempted in this case. Welch v. State, 28 Ala.App. 273, 183 So. 879. No fraud appears in the evidence directed to the motion.

According to the testimony, the deceased Alphonso Jarmon, was killed by being shot several times on the afternoon of August 8, 1965, the exact time, under the testimony, varying from 1:30 P.M. to 4:30 P.M. in the afternoon. Under the testimony, the appellant, Johnny Wilson Holland, and Charles Edward King, who was not on trial in this cause, were present and doing the shooting at or near a beer joint or "juke joint" in Colbert County. More than one weapon seems to have been used by the two, and empty shells of 22 and 32 caliber, and from a shotgun, were found at the scene. Immediately thereafter, it appears that appellant and King were intercepted at or near a cemetery some two or three miles from the place of the shooting and that the appellant, who was driving an automobile, with King riding therein, had collided with another automobile in a funeral procession. Two witnesses, J. B. Malone and Louis Malone, testified that a pistol, 32 caliber, a shotgun, and a part of a rifle were found in the possession of the two parties; the pistol being taken from the appellant, and the shotgun from King. The rifle part was taken from some place in the car. The guns were later offered in evidence by the State.

■ The appellant objected strenuously to anything that occurred at or near the cemetery on the ground that it was not a part of the res gestae and was inadmissible for any purpose. The court overruled the objection. In the case of Willingham v. State, 261 Ala. 454, 74 So.2d 241, in which the state was allowed to prove that the defendant returned to the dance hall after the difficulty and was dancing, the court stated:

> "The acts, declarations, and demeanor of an accused, before or after the offense, whether a part of the res gestae or not, are admissible against him, but unless [they] are a part of the res gestae [they] are not admissible for him."

Jones v. State, 181 Ala. 63, 61 So. 434-439; Thomas v. State, 18 Ala.App. 268, 90 So. 878.

In this case we are of the opinion that this proof was of probative value as bearing on the defendant's connection with the shooting which had occurred only a short time before and tended to connect him with the difficulty when all the evidence offered by the State was considered by the jury.

We think further that this evidence tended to show flight on the part of the appellant from the scene of the difficulty, which is admissible under a familiar principle of law. There was no error on the part of the court in admitting this testimony over the objection of the appellant.

The first witness used by the State was Mr. Van Pruitt, a State Toxicologist, who testified that on the day following the killing, he examined a body, later determined to be the body of the deceased, Alphonso Jarmon, at a funeral home in Florence, Alabama, and that the body had some five bullet holes which he examined carefully. He further testified that he extracted a slug fired from a 32 caliber pistol and several slivers of slugs fired from a 22 caliber weapon. He also testified that any one of the wounds found by him in the body were serious enough to produce death and could have done so. He testified that the 32 pistol, above referred to and marked for identification, was the gun from which was fired the 32 caliber slug found in the body of the deceased, and that he determined this by an examination of the bullet found in the body and a comparison made between it and a test bullet fired by him from the pistol in question.

The order in which the State offered its testimony was awkward and not in chronological order, in that the Toxicologist was allowed to testify to all of this before there had been any other testimony offered as to the corpus delicti by the State. However, this was in the discretion of the court and done with the constant assurance of the district attorney that he would later connect up the testimony so as to make it relevant and material. The appellant objected to each step of the examination of the Toxicologist, his objections being overruled.

We are of the opinion that the Toxicologist qualified as an expert witness and that the Court, in the exercise of its discretion, did not err in so holding and properly allowed the introduction of the 32 caliber pistol and the other guns offered in evidence by the State. The appellant objected that a proper predicate for the admission into evidence of these exhibits was not laid.

From a careful reading of the portion of the evidence directed to this question, we are of the opinion that the guns, pistol, shotgun and part of a 22 rifle, were properly identified by the witnesses who took them from the appellant and King, and that the pistol was identified by the Toxicologist as the one used in the experiment conducted by him to determine whether the 32 slug had been fired from it or not. The substance of the testimony as to the identification of the gun as the one that the particular 32 slug was fired from, was that a pistol barrel makes a mark, peculiar to that weapon, on a bullet fired from it and upon the matching marks on the bullet taken from the body and the one test fired from the pistol, his opinion was based. When the pistol is shown directly, or by reasonable inference, to have been in the possession of the appellant shortly after the difficulty, this is enough to allow the introduction of the above mentioned expert testimony. Pilley v. State, 247 Ala. 523, 25 So.2d 57; Benton v. State, 31 Ala. App. 338, 18 So.2d 423, cert. den. 245 Ala. 625, 18 So.2d 428; Grissett v. State, 241 Ala. 343, 2 So.2d 399; Collins v. State, 250 Ala. 58, 33 So.2d 18.

A Toxicologist, after examination of dead body, may give testimony that death was caused by gunshot wounds. See cases collected in Vol. 6, Ala.Digest, Criminal Law, ☞476 (Pocket parts); Johnson v. State, 272 Ala. 633, 133 So.2d 53.

Numerous objections to the testimony  were made by the appellant, but in no instance do we find reversible error in the ruling of the court. No error of a reversible nature appearing, the case is due to be affirmed.

The foregoing opinion was prepared by W. J. HARALSON, Supernumerary Circuit Judge, and was adopted by the court as its opinion.

Affirmed.

CATES, P. J., and ALMON, TYSON, and HARRIS, JJ., concur.