301 So.2d 264

Luther HOLLENQUEST

v.

STATE.

3 Div. 268.

Court of Criminal Appeals of Alabama.

Oct. 1, 1974.

Benjamin E. Pool, Montgomery, for appellant.

William J. Baxley, Atty. Gen., and Donald G. Valeska, II, Asst. Atty. Gen., for the State.

HARRIS, Judge.

Appellant was convicted of grand larceny and sentenced to a term of seven (7) years in the penitentiary. At arraignment he was represented by a court-appointed lawyer and pleaded not guilty. Retained counsel represented him at the trial. After conviction he sought and obtained a free transcript. This court appointed counsel to represent appellant on this appeal and he filed a brief.

From March until June of 1971 appellant was employed by Mr. Paul Bailey, at Radio Hospital, at his place of business on Madison Avenue in Montgomery. Mr. Bailey maintained a warehouse for the storage of air conditioners at another location on another street in Montgomery. Mr. Bailey testified that he employed appellant as a delivery man whose duties embraced going to the warehouse and picking up a unit, transporting it in a company truck, installing it in a customer's house and returning the invoice to the main place of business so that the customer's warranty would be guaranteed. The keys to the warehouse were kept on a key board in the service department on Madison Avenue. In addition to the keys on the key board, four officials of the company each had a key to the warehouse.

Mr. Bailey had two delivery crews of two men-teams. One man usually worked with appellant but at times he did not report for work and appellant had to pick up a unit, deliver and install it by himself.

Shortly after appellant was employed Mr. Bailey went to the warehouse and took a unit count and compared the count with his inventory control sheet and found no units missing. After appellant left the employ-ment in June, 1971, Mr. Bailey went back to the warehouse and checked every unit on hand by model or serial number and compared these numbers with the model or serial numbers on the inventory control records and found 14 air conditioning units missing. The brand names of the missing units included Fedders and Frigidaires. He made up a list of the missing units and the model or serial numbers of each and turned it over to the Montgomery Police Department.

In the early part of July, 1971, appellant called the Montgomery Police Department to report the theft of some articles of personal property from the glove compartment of his automobile. A detective was dispatched to investigate this report at 3543 Young Drive in the Young Forte Village of Montgomery. Appellant did not live at this address. He lived in an apartment on Williams Street being 4105 Apartment B. One Irene Rice lived at the Young Drive address with a disabled son and his wife and several grandchildren. Upon arriving at the Young Drive address, the officer found appellant asleep on the hood of his car. He had been drinking but was not drunk. The investigation did not lead to the arrest of anyone in connection with this reported theft.

In the course of this investigation, the detective became convinced that Irene Rice was running a "shot house" where alcoholic beverages of all kinds were sold and dispensed. The officer called the vice squad and several officers from that squad went out to investigate but did not find any alcoholic beverages.

This same detective was assigned to investigate the missing air conditioning units from the warehouse of Radio Hospital. A member of the vice squad called this detective and told him there were two Frigidaire and one Fedders air conditioning units in the home of Irene Rice. The detective returned to this address with the list of missing air conditioners furnished him by Mr. Bailey. He asked Irene Rice for per-

mission to enter the house and check the air conditioners. She granted the request and the detective checked the serial numbers on the three units and the numbers matched the numbers on the list he had in his possession. He asked her where she got these three units and she told the officer she bought them from appellant for $75.00 each installed.

Appellant was arrested at the home of Irene Rice and he was searched there. The officer found a key ring in his pocket on which there was one large key and there was a small one. He was carried to Police Headquarters and booked on a charge of grand larceny. Appellant's car was subsequently carried to the city lot and a search revealed there were several hundred keys in the automobile. The officer asked appellant about the two keys on the ring he had in his pocket and he said the large key was to the front door of his apartment. The officer carried the key ring to Radio Hospital along with Mr. Bailey. The large key was identified by Mr. Bailey as the key to the front door of his place of business on Madison Avenue. In the presence of Mr. Bailey the officer put the key in the lock and opened the door. Another officer took the same key to appellant's apartment and tried to unlock the door and the key did not fit the lock on the apartment door. Mr. Bailey further testified that appellant had absolutely no authority to have possession of a key to his main place of business and he almost fainted when he learned that appellant was carrying such a key.

Irene Rice testified as a witness for the state. According to her testimony she had known appellant for 8 or 10 years and he was a frequent visitor to her home when she lived on Columbia Avenue and continued to visit in her home when she moved to Young Drive. She said appellant told her he was a salesman for Radio Hospital and sold and installed air conditioning units. She told him she wanted to buy three air conditioners and appellant told her the units would cost her $75.00 each. She told him to bring her one unit and she would make a down payment of $25.00 and pay $25.00 weekly until the unit was fully paid for before he brought her another one. She further testified that appellant delivered the first unit in May, 1971, and installed it in her livingroom. She paid him $25.00 cash and got a receipt. She paid After paying for the first unit, he brought her another one and installed it in the front bedroom and she made a down payment of $25.000 cash and got a receipt. She paid appellant $25.00 weekly until the second unit was paid for and then appellant brought her the third unit and installed it in the back bedroom and she paid him in the same manner as the first two units.

This witness further testified that appellant delivered all three air conditioners on Sunday mornings in a truck on the doors of which appeared the name "Radio Hospital".

Two of Irene Rice's granddaughters corroborated her testimony as to the delivery of the three air conditioning units on three separate Sunday mornings, the installation of them, and the manner in which the grandmother paid for them.

Appellant testified in his behalf as did one character witness. The character witness had only known appellant for two years and, when on cross-examination it was shown that appellant had served time in the penitentiary for stealing, he recanted his testimony as to his good reputation for honesty.

Appellant denied that he had stolen a single air conditioning unit from the warehouse of Radio Hospital and denied selling the three units to Irene Rice. In sum, it was his contention that every witness for the state was just telling lies on him, including—and specifically including—his former employer. He even claimed that Mr. Bailey went to the Police Department and put the serial number on the Fedders air conditioning unit for the theft of which he was indicted and convicted.

■ This is one of the strongest circumstantial evidence cases to ever find its way to this court. Circumstantial evidence is entitled to the same weight that direct evidence is entitled to provided that it points one way, viz., to the guilt of the accused. Where, as here, the prosecution relies to a great extent on circumstantial evidence for a conviction, very wide latitude is allowed in making proof. Willis v. State, 37 Ala.App. 185, 66 So.2d 753; Sumeral v. State, 39 Ala.App. 638, 106 So.2d 270; Cline v. State, 25 Ala.App. 433, 148 So. 172.

■ The record reflects a wide dragnet of circumstantial evidence tending to explode appellant's claimed innocence. (1) He was employed by Mr. Bailey as a delivery and installation man and not as a salesman; (2) He represented himself to be a salesman for Radio Hospital; (3) He sold and installed three air conditioning units to Irene Rice for $75.00 each; (4) He had access to the warehouse where these units were stored; (5) He delivered the units to the Rice house in a Radio Hospital truck on three separate *Sunday* mornings; (6) He received time-payments of $25.00 weekly for each unit until his price of $75.00 was paid before he put another unit in the Rice house; (7) The keys to the warehouse were kept on a key board in the service department of Radio Hospital on Madison Avenue; (8) A key to the Madison Avenue place of business was found on his person at the time of his arrest; (9) He had no authority to have this key; (10) He claimed the key was to his apartment; (11) The key, of course, did not fit the lock to his apartment door.

■ If there is a reasonable inference to prove existence of the corpus delicti, the court should submit to the jury for its consideration the question of the sufficiency and weight of the evidence tending to support that inference. Hines v. State, 260 Ala. 668, 72 So.2d 296; Haggler v. State, 49 Ala.App. 259, 270 So.2d 690; Felton v. State, 47 Ala.App. 182, 252 So.2d 108.

We have diligently searched the record for errors injuriously affecting the substantial rights of appellant and have found none.

The case is affirmed.

Affirmed.

ALMON, TYSON, and DeCARLO, JJ., concur.

CATES, P. J., concurs in the result.