312 So.2d 601

**Olney Lamont PACKER**

v.

**STATE.**

**I Div. 511.**

Court of Criminal Appeals of Alabama.

May 6, 1975.

J. Richard Piel, Montgomery, for appellant.

William J. Baxley, Atty. Gen., and Kermit M. Downs, Asst. Atty. Gen., for the State.

PER CURIAM.

Appellant, Olney Lamont Packer, was indicted by a grand jury of Mobile County for grand larceny. The indictment charged the larceny of ". . . three ladies' dresses of the value of one hundred twenty-eight dollars, the personal property of Sarah Mansfield Hall, d/b/a The Wishing Well . . ."

A petit jury found Packer guilty. Judgment was entered in accord with the verdict. The trial court fixed Packer's punishment at imprisonment in a penitentiary of this state for a period of three years.

Packer was represented at all stages of the proceedings leading up to his conviction and sentence by an attorney appointed

by the trial court. He is represented in this court by appointed counsel.

At the conclusion of the State's evidence, the appellant moved "to exclude." The motion was denied.

■ In considering the question as to whether the trial court correctly denied the motion to exclude, we can only consider the evidence which was before the trial court at the time the motion to exclude was made. Livingston v. State, 44 Ala. App. 559, 216 So.2d 731. And we are required to consider the evidence in its most favorable light for the prosecution. Womack v. State, 34 Ala.App. 487, 41 So.2d 429.

Briefly, the evidence for the State tends to show that on February 20, 1974, Mrs. Sarah Mansfield Hall was the owner of a dress shop in the Pleasant Valley Shopping Center in Mobile County, Alabama, which she operated as The Wishing Well.

Around 1:00 P.M. on that day, two males entered the shop and engaged Mrs. Hall and her employee in an extensive conversation relative to certain items of merchandise. While Mrs. Hall was talking with the two males, the appellant and a woman, Willie Mae Young, came into the shop and stopped near a rack on which some dresses were hanging.

Mrs. Hall saw appellant take a dress from the rack and place it under a black, medium size leather coat which he was carrying on his shoulder. The dress was navy blue with a white collar. It had long sleeves on which were white cuffs.

Mrs. Hall saw appellant leave her shop with the dress. As he was leaving the shop, Mrs. Susan Douglas, a friend of Mrs. Hall's was entering. Mrs. Douglas saw a dark sleeve with a white cuff hanging out from under appellant's coat. Mrs. Hall told Mrs. Douglas that appellant had not bought anything and asked her to follow appellant. After leaving the shop, Mrs. Douglas saw the appellant in an automobile with several other persons. Mrs. Douglas got the number on the license tag of the automobile in which she saw appellant. She had this information given to a policeman.

An arrest order went out over the police radio which included a description of the automobile in which appellant had been seen, the number on the license tag of that automobile, and a description of the clothing the appellant was wearing.

Within a short time after the arrest order went out, the automobile described in that order was stopped by a police officer. The appellant, the other three persons who had entered Mrs. Hall's shop at about the same time as the appellant and a juvenile were in the automobile.

The police officers by looking through the windows of the automobile saw three ladies' dresses on the "back floor board" of the automobile. They were crumpled and were wrapped in or covered by cellophane and partially covered by a black coat. The price tags were in plain view. One of the dresses was navy blue with a white collar and white cuffs.

Mrs. Hall later identified the three dresses as being her property and said they were worth $128.96.

The dresses were not introduced in evidence.

In our recent case of Character v. State, 51 Ala.App. 589, 287 So.2d 916, cert. denied 291 Ala. 775, 287 So.2d 919, it is said:

"It is the law of this state that the unexplained possession of property does not raise the presumption that the property was stolen. There must be other evidence of the corpus delicti. When this has been shown, and the stolen property, soon after the offense, is found in possession of a person, who is unable to give a satisfactory explanation of his possession, then the jury is authorized to infer his guilt. Orr v. State, 107 Ala. 35, 18 So. 142; Buckles v. State, 291 Ala. 352, 280 So.2d 814 (1972)."

■ Here the *corpus delicti* was shown by other evidence, and we think the facts

**32**

and circumstances delineated above were sufficient in the absence of any explanation, for the jury to conclude that appellant had possession of the three dresses when the automobile was stopped and he was arrested. See Breazeale v. State, 51 Ala.App. 320, 285 So.2d 130. In Lawson v. State, 38 Ala.App. 322, 82 So.2d 812, the Court of Appeals, in an opinion by Presiding Judge Harwood, said:

"Possession is not limited to actual manual control upon or about the person. If under one's power and dominion the thing is possessed. That the appellant had knowledge of the presence of the stolen groceries can reasonably be inferred from his possession and control of the truck. Certainly, it was for the jury to so determine in the absence of any evidence by the appellant tending to justify his technical possession of the groceries."

In view of the undisputed facts adduced by the prosecution, we think the trial court correctly denied the motion "to exclude" made by appellant's counsel at the conclusion of the State's evidence.

At the conclusion of all the evidence, defendant did not request the general affirmative charge. There was no motion for a new trial.

The trial court did not err in permitting Mrs. Hall, over objection, to testify that ". . . the Defendant and Willie Mae Young were together by this one rack where I had dresses and I saw the Defendant take a dress and put under his coat." Sherrer v. State, 16 Ala.App. 190, 76 So. 474. In Hill v. State, 26 Ala.App. 347, 159 So. 503, it was said:

". . . It is elementary that all which was said or done at the time by parties present was relevant and admissible."

■ The trial court overruled an objection interposed by counsel for appellant to the question propounded to Mrs. Hall by the prosecutor as to the "value of these dresses?" The question was not answered so even if the question called for inadmissible evidence, which we do not assume,

the ruling overruling the objection was harmless. Embrey v. State, 283 Ala. 110, 214 So.2d 567; Thompson v. State, 39 Ala.App. 569, 105 So.2d 146.

■ The indictment charged the appellant with the larceny of three dresses which belonged to Mrs. Hall. Those dresses were found in the automobile in which appellant was riding at the time it was stopped. The dresses were found on the floor of the back seat of the automobile partially covered by a coat similar to the one under which appellant was seen to have placed one of the dresses before leaving Mrs. Hall's shop. Counsel for the State again asked Mrs. Hall the value of the three dresses. Again counsel for the appellant objected. The objection was overruled without error. On a trial for larceny, it is competent for the State to show what was the value of the property alleged to have been stolen at the time of the taking. Dozier v. State, 130 Ala. 57, 30 So. 396.

■ Mrs. Hall was asked by counsel for the State if she saw "anyone take these other two dresses from the store?" Objection was interposed by counsel for appellant. Mrs. Hall replied, "No, I didn't see anyone else take them." She had not testified that she saw appellant take the other two dresses. There was no effort made to have the answer stricken on the ground that it was not responsive to the question and was susceptible to the interpretation that she saw appellant take those two dresses. Reversible error does not appear in the ruling of the court here under consideration.

■ It was not reversible error to permit a police officer to testify that he did not go inside the automobile in which appellant had been riding, but did look into it through the window and saw "three ladies' dresses." Vincent v. State, 284 Ala. 242, 224 So.2d 601; Powers v. State, 49 Ala. App. 690, 275 So.2d 369; Williams v. State, 43 Ala.App. 343, 190 So.2d 556; Dickerson v. State, 43 Ala.App. 694, 200 So.2d 487; cert. denied 281 Ala. 718, 200

So.2d 492; cert. denied 389 U.S. 994, 88 S.Ct. 496, 19 L.Ed.2d 489. To see what is patent and obvious is not a search.

We have reviewed the entire record in accordance with the requirements of Section 389, Title 15, Code of Alabama 1940, and finding no error injurious to the appellant, we have concluded that the judgment of conviction is due to be affirmed. It is so ordered.

Affirmed.

All the Judges concur.