On the Merits

Landry v. State, 56 Ala.App. 421, 321 So.2d 759, is a companion case of one presented on this appeal. The facts are the same as appears in Landry, supra, except it does not appear, as in Landry, that Landry was seated “ ‘with his hands behind his back shuffling.’ ” In other words there is no evidence in the instant case that indicated appellant had possession of the death weapon.
We conclude from the evidence in the appeal record before us that appellant was present when the homicide occurred. But so far as we find there is no evidence that implicates him as a principal in the murder. To convict of aiding and abetting the State must prove more than defendant’s mere presence. Wilson v. State, 219 Ala. 364, 122 So. 617. If there is no prearrangement or preconcert between persons charged with crime, the mere presence of one of them to give aid if necessary, is not aiding or abetting unless the principal knew of such presence with intent to aid. Jones v. State, 174 Ala. 53, 57 So. 31.
But we think it is clear from the evidence that all five of the persons in the automobile that was stopped had confederated and while in Mobile were searching for narcotics for their own use; also that they procured and used such narcotics thereby committing a felony under the laws of Alabama, Act No. 1407, Vol. Ill, Acts 1971, p. 2378, Section 204. (Schedule !)•
The Supreme Court of Alabama observed in Stokely v. State, 254 Ala. 534, 49 So.2d 284, as follows:
“However, if an offense is committed by one or more of them, from causes having no connection with the common object, the responsibility for such offense attaches exclusively to its actual perpetrator. Frank v. State, 27 Ala. 37; Jordan v. State, 79 Ala. 9, 13; Williams v. State, 81 Ala. 1, 5, 1 So. 179. In such cases it is a question for the jury whether the act done was in prosecution of the purpose for which the party had assembled or confederated, or was independent, of it, and without any previous concert. Frank v. State, 27 Ala. 37, supra.”
We note that one shotgun and two pistols other than the death pistol were in the car. It is common knowledge that narcotic addicts often resort to violence to get narcotics.
We hold that under the factual situation here involved, it was a question for the jury whether the homicide was in prosecution of the quest for narcotics for which they had assembled or confederated, or that the homicide was independent of it and without any previous concert. If not independent of the quest for narcotics, appellant was an accessory under Title 14, *217 Section 14, Code of Alabama 1940, Recompiled 1958. We think that the jury could have drawn inference that one of the five fired the fatal shot and that appellant, if he did not fire the shot, was an accomplice or an accessory. All five were engaged in the narcotics quest and while so engaged the homicide was spawned.
The judgment is affirmed.
The foregoing opinion was prepared by Honorable Bowen W. Simmons, serving as a judge of this Court under Section 2 of Act No. 288 of July 7, 1945, as amended; his opinion is hereby adopted as that of the Court. The judgment below is hereby
AFFIRMED.
All the Judges concur.