W. G. HAWKINS, Circuit Judge.
Appellant appealed from a conviction in the Circuit Court of Houston County (Juvenile Section) of the charge of causing the delinquency of children as set out in Article 5-148 of Act Number 1205, Acts of Alabama, Regular Session 1975, commonly known as the Judicial Article Implementation Act.[1]
The briefs filed by the attorney for the appellant and the attorney general have dealt with this charge as it similarly appeared as Title 13, Section 366, Code of Alabama 1940, Recompiled 1958, but this along with other sections under this title *489 dealing with juvenile delinquency was repealed by the Judicial Article Implementation Act. This Act now gives original and exclusive jurisdiction to the juvenile courts in dealing with juvenile delinquency, dependency or neglect, and provides that violators of the Act shall be fined not more than five hundred dollars or sentenced to hard labor for the county not to exceed twelve months, or both. However, under the circumstances in this case the affidavit charging the appellant with causing the delinquency of the children is pertinent to and appears to be based upon Article 5-148, supra, the wording of which is substantially similar to the old law, as set out in Title 13, Section 366, supra.
No objection of any kind was made to the affidavit upon the trial of the case and we consider it sufficient upon which to base a judgment of conviction. In fact a failure to demur or make objection in the trial court is a waiver of a defect in this court except that it may be void. Carruth v. State, 23 Ala.App. 113, 121 So. 498; Alabama Digest, Indictments, 196(1).
Immediately following the conclusion of the State’s case the appellant moved to exclude the testimony, mainly upon the ground that it was not sufficient basis for a conviction and the Court overruled the motion. The Court’s action in overruling the motion appears to be the main question for consideration of this Court in the matter.
Both the State and the appellant offered testimony, pro and con, which was submitted to the Court. However, the appellant did not testify.
Briefly, the testimony from the State tends to show that the Sheriff’s office of Houston County received a call that Jackie Hutto, one of the minors involved in this cause, was missing from her home and had been gone for several days and that the officers were requested to be on the lookout for her. At around 11 o’clock on the night in question, February 6, 1976, a police officer, who had also received the information, notified some of the deputies of the sheriff’s department that he had stopped an automobile at a certain location in the City of Dothan with several young people riding therein and that he suspected that an investigation should be made. Thereupon Deputy Joel Bullock and auxiliary Deputy Larry McKay went to the scene and found a car with several young people therein, including Jackie Hutto, the missing girl. The officers secured the names of the young people.
There was further testimony that there were three males sitting in the back seat along with one female, and three females in the front seat. The car was being driven by Kay Watkins. The appellant, who was 17 years of age at the time was sitting on the left side of the rear seat and Officer McKay testified that he looked into the ear and observed a paper sack on the floorboard at the feet of the appellant and upon examination thereof he found that the sack contained two 8-pack bottles or containers of Miller beer, and also found several empty bottles of the same brand. All of the bottles were cold and moist and the sack, which was wet on the sides and bottom, gave way when he attempted to lift it out of the car. There was further evidence that there was an odor of beer upon the breath of all the parties in the car, including the appellant. The officers took them in custody and later placed this charge against the appellant by way of affidavit.
The appellant offered three witnesses, including Jackie Hutto, who testified that she was riding in the front seat of the car at the time it was stopped by the officer. That the appellant did not offer to her, ask her, or encourage her to drink any beer. She further claimed that she was on her way home and was proceeding thereto from a game room at the time the car was stopped. She also claimed that she had been, along with several others, at the appellant’s home and that several others were also on their way home.
Sarah Hutto, the mother of Jackie Hutto, testified for the appellant that Jackie was 15 years of age and that she had been gone several days before the night of the arrest and that she, the mother, had been looking for her in different places and at the home *490 of some of her friends. She called the sheriffs department after she was told by a friend of Jackie’s where she might be found. She further testified that the girl had left home because of domestic trouble at home between the mother and father and she knew nothing of anyone giving her alcoholic drinks, that the appellant was, and had been, a close friend of the daughter and she thought he would be protective toward her.
She went further into details not necessary to relate herein, with regard to her daughter, friends and so forth, and how she had been looking for her while she was gone.
Mrs. Carol Locke, mother of the appellant, testified that on the night of the arrest of her son, he and several young people had been to her home for awhile and left between 10:30 and 10:45 p. m. Among those present were Kay Watkins, the driver of the car at the time of the arrest, Donnie Peters, Lynn Davis, Tammy Flowers, Jackie Hutto and Perry Black, some of whom were under 16 years of age. She did not see or smell any alcoholic beverage while they were at her house and they did nothing unusual there, but she did ask them to be more quiet and asked them “to tone it down—keep it low,” apparently referring to the fact they were making more noise than she preferred. She was within an arm’s length of most of the children and she did not smell any alcohol on any of them, and she knew nothing of what happened after they left her home.
The testimony upon which the State based its case is admittedly circumstantial. It is not necessary for a conviction in a criminal case that the evidence be direct, positive, and of the eye-witness variety, but a defendant may be convicted upon circumstantial evidence if it is compatible with the test of sufficiency required in such cases.
The general rule regarding the sufficiency of the circumstantial evidence to convict has been stated in different language in innumerable cases by the Appellate Courts of our State. Many of these cases are collected in Volume 6, Criminal Law, Alabama Digest, &wkey;552(l), (2), (3), (4).
A fair statement of the degree of proof necessary to convict upon circumstantial evidence is that it must be so strong and so cogent as to show defendant guilty to a moral certainty. Hollenquest v. State, 290 Ala. 146, 274 So.2d 613.
It is further held that circumstantial evidence is entitled to the same weight that direct evidence is entitled to, provided that it points to guilt of accused. Hollenquest v. State, 53 Ala.App. 501, 301 So.2d 264.
We are not unaware that in order to make a prima facie case against the defendant the evidence must rise above mere suspicion, surmise, or conjecture.
After a careful consideration of the testimony offered in this case, we are of the opinion that the State did make a prima facie case against the appellant and that a question of fact as to the guilt of the appellant was presented for the consideration of the Court.
What we have said above disposes of the main contention of the appellant for a reversal. As required by statute, Title 15, Section 389, Code of Alabama 1940, Recompiled 1958, the Court has searched the entire record for error and finding none of a substantial nature, the case is due to be, and is, hereby affirmed.
The foregoing opinion was prepared by Honorable W. G. HAWKINS, Circuit Judge, temporarily on duty on the Court pursuant to § 6.10 of the Judicial Article, Amendment 328 of the Constitution of Alabama, by order of the Chief Justice, dated July 13, 1976; the Court had adopted his opinion as its own.
The judgment below is hereby
AFFIRMED.
All the Judges concur.

. Defendant was found guilty by the trial court of the charge of contributing to the delinquency of a juvenile and his punishment was fixed at ten days hard labor for the county and a one hundred dollar fine.