BOOKOUT, Judge.
Second degree burglary; sentence: five years imprisonment.
On June 14,1976, Harold Taylor returned to his apartment from work and found that it had been burglarized and his stereo component was missing. The value of the missing stereo was estimated to be $704. Police investigated his complaint and lifted fingerprints from several items in the apartment. Five sets of appellant’s fingerprints were found there. The prints were positively identified as appellant’s by a police fingerprint technician.
I
Appellant challenges the sufficiency of the evidence, contending that it was all circumstantial.
Evidence to support a conviction need not be direct, or “eyewitness variety.” Circumstantial evidence will support a criminal conviction if it is so strong and cogent as to show a defendant’s guilt to a moral certainty. Tanner v. State, 291 Ala. 70, 277 So.2d 885 (1973); Locke v. State, Ala.Cr.App., 338 So.2d 488 (1976). Circumstantial evidence is entitled to the same weight as direct evidence, provided it points to the guilt of the accused. Locke, supra; Lewis v. State, Ala.Cr.App., 337 So.2d 108 (1976); Jones v. State, Ala.Cr.App., 337 So.2d 116 (1976); 6 Alabama Digest, Criminal Law, <®=»552(3), 552(4).
*540 In the instant case, the prosecuting witness proved the corpus delicti, and the police connected appellant to the crime.
Harold Taylor testified that when he went to work, early on the morning of the crime, he locked the door to his apartment and his stereo was not missing. When he returned from work, he noticed scratch marks on the door facing, and found the door to be unlocked. He then noticed that his stereo system was missing. Taylor testified that there were only two keys to his apartment. He had one, and his brother had the other. His brother was at work with the same employer at the same time Taylor was, on the date in question. Taylor did not know appellant, had never seen him before, had never invited him to his apartment, and had never seen him there. There is no other reasonable explanation for appellant’s fingerprints being in the apartment than that he was there without the knowledge, consent or authorization of the party in possession. The evidence, though all circumstantial, certainly points to the appellant as the guilty party. The jury was acting entirely within its province in finding that appellant was guilty of breaking and entering the apartment with intent to steal.
II
After the jury was struck, appellant and the trial judge had the following exchange, outside the presence of the jury:
“THE COURT: All right, Mr. Monroe, you said the Defendant had something that he wanted to say to the Court. Okay. I am ready, Mr. Lark.
“THE DEFENDANT: I don’t have anything to say, nothing, Your Honor. I wanted to say it in front of the jury. You see, I have got to be careful. I can’t ■say just anything in front of the jury.
“THE COURT: What do you want to say in front of the jury?
“THE DEFENDANT: Well, I would like to get you to appoint me another public defender.
“THE COURT: It is too late for that. You are in this trial. . . .”
Appellant’s dissatisfaction with his attorney was apparently because his counsel did not have some of appellant’s family present for his trial. It appears that counsel for appellant tried to get in touch with appellant’s wife, but could not do so because she had changed her telephone to an unlisted number. Appellant was also dissatisfied because he was not allowed to make a statement in the presence of the jury to the effect that he wanted new counsel. The colloquy continued:
“THE COURT: Mr. Lark, first, for the record, you know that your father was up here and brought your clothes. I personally told your father that if he wanted to stay, if he wanted to see you, stay here, that you would be down here at 1:30. I don’t see him, but I just wanted you to know it. Secondly, I am not going to let him make any statement in front of the jury. When you want to get up here and testify, which I understand you may do, against the advice of counsel, which I am going to get to in due time, I am not letting you make any statements, him make any statements, with reference to withdrawing counsel, or wanting a new counsel.

“THE COURT: ... I think you told me — your father never mentioned this — that your father was going for another lawyer, but he never mentioned another lawyer to me, but if he can find one, firstly, I don’t think he would take it right now; secondly, I would not stop the trial after the jury has been sworn just because you want another lawyer. We can’t do that. The jury has been sworn and we are going ahead.”
An almost identical situation took place in Hillyer v. State [5 Div. 392, Ms. July 26, 1977] Ala.Cr.App., affirmed this date. In Hillyer, as here, after striking the jury, the appellant requested that another attorney be appointed to represent him. The judge refused to do so, and counsel then offered to withdraw under the circumstances, but the court also refused to allow the withdrawal. *541 Unlike the instant case, there was a motion for a continuance filed in Hillyer. Although no request was made for a continuance here, for all practical purposes, new counsel could not have been substituted at this stage of the trial without giving additional time for preparation.
As pointed out in Hillyer, supra, in order to show ineffective representation by counsel, appellant must show that the conduct of the attorney reduced the trial to a farce, sham or mockery of justice. Johnson v. State, 57 Ala.App. 470, 329 So.2d 160 (1976). The exact nature of appellant’s dissatisfaction with counsel is not clear. He first stated that counsel had not contacted his family to attend the trial. Of course, that had nothing to do with adequate trial preparation or with responsible conduct of the defense during trial. Elsewhere in the record, appellant decries the fact that counsel “had not done anything” for four months prior to trial. The preparation stage and duties of counsel were explained to appellant by the trial judge to no avail.
There is nothing in the record to indicate that appellant’s counsel was ineffective in preparation or trial. The State’s case was simple. Appellant wanted to take the witness stand solely to make an irrelevant and immaterial comment about his attorney. Since appellant had a prior criminal record, his attorney rightfully prevailed upon him to remain silent. Counsel performed ably for his client and, under the facts of the case, we think few could have done better.
We find no abuse of discretion on the part of the trial court for refusing to stop the trial, appoint new counsel, and let the jury sit idlely by while the defense engaged in trial preparation. To hold otherwise would create a cumbersome precedent. Every defendant could then wait until a jury was selected, express some dissatisfaction with appointed counsel, demand and receive new counsel, and thereby cause unwarranted delays and wreak havoc with the orderly process of criminal trials. A careful review of the record reveals no prejudice suffered by appellant as a consequence of the trial court s ruling. Also see: Hayes v. State, Ala.Cr.App., 340 So.2d 1142 (1976).
AFFIRMED.
All the Judges concur.