[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 583 
Appellant was charged by separate indictments with burglary in the second degree and possession of Percodan, a controlled substance, in violation of the Alabama Uniform Controlled Substances Act. At arraignment, in the presence of his attorney, appellant pled not guilty to both indictments. No special pleas were entered or reserved at the time of pleading to the general issue.
Appellant was first put to trial on the burglary indictment. The jury returned a verdict of guilty as charged and appellant was sentenced to a term of six years in the penitentiary. Appellant was then tried on the charge of violation of the Alabama Uniform Controlled Substances Act. The jury returned a verdict of guilty as charged, and the trial court sentenced him to a term of three years in the penitentiary, the sentence to run concurrently with that imposed in the burglary conviction. Appellant gave notice of appeal from the judgment of conviction in both cases, the cases were consolidated for the purpose of appeal, and the appellant is herein represented by trial counsel.
A single hearing for both cases was held on a motion to suppress the evidence, and the motion was denied. Following the burglary conviction and prior to the trial of the second cause, appellant orally entered a plea of former jeopardy to which the State demurred, and which was denied by the trial court. Appellant moved to exclude the State's evidence in both cases.
The trial court's refusal to enter appellant's plea of former jeopardy is not properly before this Court for review. The plea was made orally after the plea of not guilty was entered. Oral pleas, except the plea of guilty or not guilty, delivered in open court, received by the clerk and entered on the minutes are unknown in our practice. May v. Lingo, 277 Ala. 92,167 So.2d 267. Further, failure to file a plea of former jeopardy before or simultaneously with a plea of not guilty constitutes a waiver. Steward v. State, 55 Ala. App. 238, 314 So.2d 313, writ denied, 294 Ala. 201, 314 So.2d 317.
At the hearing on the motion to suppress, Major Bobby Ellis of the Phenix City Police Department testified that, at approximately 3:20 a.m., on January 26, 1978, he saw appellant and another man, Bobby Ray Clenny, in a 1968 gray Oldsmobile Cutlass. The left headlight was out. Appellant was stopped because of erratic driving and also because a radio dispatch a few minutes earlier had described a vehicle fitting the description of appellant's car, occupied by two white males, and requested that it be stopped and checked for suspicion of burglary. Major Ellis arrested appellant for driving while intoxicated and took him to *Page 584 
headquarters. Appellant's car was driven to headquarters by another officer.
The vehicle was not searched when appellant was stopped but was searched approximately 25 minutes later at the police department. The car was parked in a lighted breezeway at the station and there was a red and white cigar box visible under the right front seat from outside the car. Major Ellis and another officer opened the car and recovered the box, which contained prescriptions, invoices, and cancelled checks from Sherwood Pharmacy. Appellant was in police custody at the time the vehicle was searched.
On cross-examination Major Ellis testified that the purpose of the search was to determine if the vehicle contained anything which might connect appellant to the burglary.
Lieutenant Kenneth Alsabrook of the Phenix City Police Department testified that, on January 26, 1978, he received a call at 3:04 a.m. of an alarm sounding at Sherwood Pharmacy. En route to that location he met a 1968 Oldsmobile Cutlass with the left headlight out, bearing a Georgia license plate, and occupied by two white males. A box-like object protruded from the partially open trunk. He radioed a description of the vehicle to other units and requested that it be stopped and checked.
At the scene of the burglary, Officer Alsabrook was informed by the owner of the pharmacy that a red and white cigar box containing prescriptions and a gray steel drug cabinet had been taken. When he returned to headquarters, Lieutenant Alsabrook and Major Ellis went to the appellant's car and saw the red and white cigar box protruding from underneath the right front passenger's seat. The car was opened and the box was removed. Two pairs of gloves and a jack handle were also removed from the seat of the car. Lieutenant Alsabrook also testified that it was standard procedure to search any car impounded, but that no written inventory had been taken.
Officer Steve Purvis testified that, at approximately 3:15 on the morning of January 26, he stopped appellant in response to the radio dispatch. At that time the trunk of appellant's car was closed. Appellant opened the trunk of the car. Officer Purvis looked in but did not search the trunk. While appellant was out of the car he also looked into the front seat but did not look under the seat. Appellant was not detained at that time.
Officer Reuben Redd of the Phenix City Police Department testified that he was with Officer Purvis when appellant was stopped. He testified that they were looking for the drug cabinet taken from the pharmacy and that, when it was not found in the trunk of the car, appellant was allowed to leave. Following this hearing the motion to suppress was denied.
At the burglary trial, Lawrence Lee Bryan, owner of Sherwood Pharmacy, testified for the State that at 3:00 a.m., on January 26, he was called to the store where he found that the front door had been broken into and that a drug cabinet and a cigar box containing prescriptions were missing. He testified that all of the drugs in the cabinet were taken and that their wholesale value was $900 to $1,000. All the drugs required prescriptions under the Uniform Controlled Substances Act.
Lieutenant Kenneth Alsabrook testified, repeating his earlier testimony. In addition, he testified that the drug cabinet was recovered the following morning from a nearby vacant lot. The cabinet was inventoried and fingerprinted at that time.
Lawrence Bryan was recalled and identified the cigar box and its contents and the drug cabinet as those taken from the pharmacy.
Major Bobby Ellis testified, repeating his earlier testimony regarding stopping appellant's car, the arrest and the search of the vehicle.
Officer Steve Purvis again testified to stopping appellant in response to the radio dispatch. He further testified that on January 27, when he went off duty, he searched the area in the vicinity of the pharmacy and found a large drug cabinet and a sledge hammer in a vacant lot. He *Page 585 
called Lieutenant Alsabrook and the two officers recovered the cabinet and sledge hammer, which Lieutenant Alsabrook took to police headquarters.
Officer Reuben Redd repeated his earlier testimony and in addition testified that he drove appellant's car to police headquarters, locked both doors and turned the key over to Major Ellis. He further testified that as he was driving the car to headquarters he noticed a part of a box sticking out from under the right front seat, which he reported to Major Ellis at headquarters.
Officer Aubrey Harbart of the Phenix City Police Department testified that on January 27 he lifted several latent fingerprints and one palm print from the drug cabinet recovered by Lieutenant Alsabrook. These prints were attached to appellant's fingerprint card which was on file at the Phenix City Police Department. They were then turned over to Captain Robert Clark to be mailed to the Department of Public Safety for identification.
Boyd Battles, formerly an officer with the Phenix City Police Department, identified the fingerprint card as that of appellant, William Pierce Hancock, and testified that he fingerprinted appellant on January 1, 1977, and that the prints on the card belonged to appellant and the card bore appellant's signature.
Tangie Redd, secretary in the Phenix City Police Department, testified that Officer Harbart turned the fingerprint cards over to Captain Clark in her presence, that Captain Clark gave them to her and that she mailed them to the Department of Public Safety. When the cards were returned from the Department of Public Safety by mail, Ms. Redd turned the envelope over to Detective Harbart who opened it in her presence.
Fulton Prevost, latent print examiner, Department of Public Safety, testified that he compared the latent prints with the known prints of appellant and determined that the right palm prints were identical. His qualifications as a fingerprint expert were not questioned.
Appellant, William P. Hancock, testified in his own behalf that, in the early morning hours of January 26, he and Bobby Ray Clenny drove to Phenix City from Columbus, Georgia, to take a companion home. He admitted being on the road where the pharmacy was located some time after 3 o'clock, but denied ever having heard of Sherwood Pharmacy or that he had broken into it that night. He testified that he and his companion were stopped by Officer Purvis, that he opened the trunk, Officer Purvis looked in and that Officer Redd looked into the car. He testified that he was again stopped by Officer Ellis, arrested for DWI, and then booked for second degree burglary.
Appellant testified that he had never seen the cigar box before, that he did not take it from Sherwood Pharmacy, and that he did not know how it got under the seat of his automobile. He also testified that he did not know how his fingerprints could have gotten on the drug cabinet. Appellant further testified that he had twice been convicted of robbery and served time for both offenses. The robbery convictions were in 1972 and 1973.
On cross-examination appellant recalled being fingerprinted by Boyd Battles on January 1, 1977, but did not recall that a palm print was taken. He identified his signature on the fingerprint card.
At the trial for possession of a controlled substance the above witnesses gave substantially the same testimony. Additionally, there was testimony by the State Toxicologist that the drug, Percodan, recovered from the drug cabinet was a controlled substance, the active chemical ingredient of which is a derivative of opium. Appellant did not testify in his behalf at the second trial, and no other defense witnesses were called.
The evidence adduced at the burglary trial was sufficient to sustain a conviction of second degree burglary, the applicable elements of which are breaking, entering and an intent to steal or commit a felony. Eason v. State, 48 Ala. App. 471,265 So.2d 913. *Page 586 
The evidence at the second trial was sufficient to prove violation of the Alabama Uniform Controlled Substances Act. It is sufficient in a prosecution for unlawful possession of narcotics to show constructive possession. Where such possession is relied upon the State must also prove beyond a reasonable doubt that the accused knew of the presence of the prohibited substance. In the case at bar, such guilty knowledge may be readily inferred by the circumstances in which the appellant came into possession of the drug. Daniels v. State,49 Ala. App. 654, 275 So.2d 169.
Appellant contends that the trial court erred in denying the motion to suppress, and asserts that the evidence seized from his automobile was the product of an unlawful, warrantless search.
Where exigent circumstances exist, and there is probable cause to believe that fruits or other evidence of a crime may be found, an immediate warrantless search is justified as an exception to the Fourth Amendment warrant requirement. SeeDaniels v. State, 290 Ala. 316, 276 So.2d 441, wherein the recognized exceptions to the warrant requirement are enumerated.
The inherent mobility of an automobile frequently gives rise to circumstances which, if supported by probable cause, justify an immediate warrantless search. Landry v. State, 56 Ala. App. 421, 321 So.2d 759. Where such circumstances exist, the search may also be conducted later, at the police station, without a warrant. Chambers v. Maroney, 399 U.S. 42, 90 S.Ct. 1975,26 L.Ed.2d 419; Carroll v. U.S., 267 U.S. 132, 45 S.Ct. 280,69 L.Ed. 543.
In the instant case, Major Ellis stopped the appellant and his companion in appellant's automobile, in response to a radio dispatch requesting that a vehicle fitting the description of appellant's car be stopped and checked on suspicion of burglary. Appellant was also driving erratically. Major Ellis was alone and it was the middle of the night. The exigency of an immediate search for possible fruits of a burglary is apparent from these circumstances.
The danger inherent in the attempt by a lone officer to search a vehicle at night, on a deserted street, for evidence of a crime, in the presence of two suspects, is obvious. Major Ellis' action in calling for assistance and removing the vehicle to the safety of the police station was entirely reasonable and prudent.
The question which remains is whether the radio dispatch furnished sufficient probable cause to stop appellant's vehicle. While officers are entitled to rely on police radio broadcasts, the subsequent judicial determination as to probable cause must necessarily turn on all the circumstances giving rise to the dispatch. Owens v. State, 51 Ala. App. 50,282 So.2d 402; relying on Whiteley v. Warden, 401 U.S. 560,91 S.Ct. 1031, 28 L.Ed.2d 306. Under Owens, supra, the mere fact of a dispatch will not in and of itself give rise to probable cause. The credibility of the source and the detail of the information dispatched, along with other pertinent factors, must be considered.
Here, Lieutenant Alsabrook was proceeding to Sherwood Pharmacy in response to a burglar alarm. A few blocks from the pharmacy, he encountered a 1968 gray Oldsmobile Cutlass with the left headlight out, bearing a Georgia license tag. The car was occupied by two white males, and a box-like object protruded from the partially open trunk. He radioed other units this full description and requested that the vehicle be stopped and checked in connection with the burglary.
Officers Purvis and Redd stopped appellant moments later in response to the dispatch. Appellant opened the trunk, but no evidence of the burglary was found and he was allowed to leave. Only a few moments later, Major Ellis observed appellant driving erratically and noted that the car was a 1968 gray Oldsmobile Cutlass, with the left headlight out, a Georgia tag, and was occupied by two white males. He testified that he stopped appellant both because of the way appellant was driving and because the car fit the description of the car suspected *Page 587 
of possible involvement in a burglary. Appellant was stopped a few blocks from the scene of the burglary within twenty minutes of the alarm.
The dispatching officer, as well as the responding officers, testified at the trial as to the full circumstances giving rise to the dispatch and the action taken. The facts of this case provide ample probable cause for initially stopping appellant's automobile in response to the radio dispatch and for the later search of the car at police headquarters. Chambers v. Maroney, supra.
This is a strong case of circumstantial evidence. Circumstantial evidence is entitled to the same weight as direct evidence provided that it points towards the guilt of the accused. Williams v. State, Ala.Cr.App., 348 So.2d 1142;Woods v. State, Ala.Cr.App., 344 So.2d 1225; Brown v. State, Ala.Cr.App., 331 So.2d 820.
A careful search of the record reveals no error injuriously affecting the substantial rights of appellant. The judgment of conviction is affirmed.
AFFIRMED.
All the Judges concur.