ON APPLICATION FOR REHEARING
By an attorney different from the attorney representing appellant on original submission of this cause, three issues are submitted on behalf of appellant’s Application for Rehearing. We now consider said issues in the same order presented in the brief of counsel for appellant.
I.
By this issue, counsel for appellant states: “Was the decision issued in this cause incorrect in its conclusion that there were no references to certain possible illegally seized evidence, when in fact the record does reflect the admission and reference to such evidence?” In support of the issue, the present attorney for appellant, pursuant to Rule 39(k) of Ala.Rules of Appellate Procedure, requests the addition of the following facts to supplement and correct those facts contained in the opinion on original submission by adding the following:
“(From the testimony of Lt. Mike Gilley given during the trial of the merits of this cause).
“Q. What, if anything, did you seize from the back of the truck and that boat?
“A. The back of the truck I seized a small blue suitcase. And the boat itself, I seized a five-gallon bucket sealed.
“Q. What did you observe in the bucket?
“A. Green vegetable residue in a plastic bag.
[[Image here]]
“Q. Do you have an opinion as to what that substance was in this bucket?
“A. Yes, I do.
“Q. What was that?
“A. Marijuana.
[[Image here]]
“Q. Now the suitcase you mentioned, what was in the suitcase — describe what you observed in the suitcase.
“A. Green-brown vegetable material.
“Q. Based on that — what I have asked you before your experience, knowledge and your training, do you have an opinion as to what that substance was?
[[Image here]]
“A. Yes, I do.
“Q. What is that opinion?
“A. Marijuana.
“Q. Did you remove a metal box from that vehicle?
“A. Yes, I did.
[[Image here]]
“Q. Let me show you State’s Exhibit 1 for identification purposes and ask you what that is, please sir.
“A. This is a marijuana consumer’s and dealer’s guide.
[[Image here]]
“Q. Was the book in the box?
“A. Yes, it was.
“Q. What else was in the metal box, please, sir?
[[Image here]]
“A. There is numerous bank accounts, blank checks, bills of sale, car titles, different requests for travel from the Federal government, just numerous miscellaneous papers, books, address books and stuff.
“Q. Were there bank records showing activity in bank accounts?
“A. Yes, sir. There was.
“Q. It showed deposits and withdrawals?
“A. Yes, sir. It did.”
In the argument of counsel for appellant on original submission in support of Issue IV, quotations were made from pages 102 and 103 of the record, which the writer hereof noted were as to that which oc *327 curred prior to the trial of the case, as stated in our opinion. The writer regrets his incorrect conclusion that we were not convinced “that there was any evidence presented on the trial of the case as to the subject matter of Issue IV,” which incorrect conclusion we have endeavored to rectify by our foregoing response to petitioner’s motion pursuant to Rule 39(k) of A.R. A.P.
The incorrect conclusion of the writer as detailed above as to Issue IV on original submission of this case necessitates further consideration of said issue, which we now give by including particularly consideration of the contention made by counsel for appellant in support of Issue IV in appellant’s brief on original submission and as to which counsel for appellant continues to insist contained error prejudicial to defendant by the ruling of the trial court in overruling defendant’s objection to evidence presented by the State as to the items seized by Lt. Mike Gilley from a container, or containers, found in the truck while it had a camper shell thereon but was not attached to the camper house or motor home involved and which contents included marijuana, bank deposits, and other bank records, and a pamphlet called Marijuana Consumer’s and Dealer’s Guide, as well as other items. As to this contention, we now agree with counsel for appellee as to what is stated in the last paragraph of argument as to Issue IV in appellee’s brief on original submission:
“Upon stopping the vehicle, the officers noticed marijuana in the ash tray. Where exigent circumstances exist, and there is probable cause to believe that the fruits or other evidence of a crime may be found, an immediate warrantless search is justified as an exception to the Fourth Amendment warrant requirement. Hancock v. State, 368 So.2d 581 (Ala.Cr.App.), cert. denied, 368 So.2d 587 (Ala.1979). Once there was probable cause to arrest the appellant, the war-rantless search of the truck and its contents was not a violation.”
In accordance therewith, we now decide Issue I contained in brief of counsel for appellant on Application for Rehearing adversely to appellant, which should have been decided in our opinion on original submission instead of as decided by the incorrect conclusion, stated by the writer of this opinion, as neither Issue I herein nor Issue IV on original submission, sets forth a valid ground for granting appellant’s Application for Rehearing.
OPINION CORRECTED AND EXTENDED; APPLICATION FOR REHEARING OVERRULED.
All the Judges concur.